**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | **Case No. 22-cr-185 (JDB)** |
| | : | |
| YVONNE ST CYR, | : | |
| | : | |
| Defendant. | : | |

**<u>GOVERNMENT'S 404(b) NOTICE</u>**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Federal Rule of Evidence 404(b) Notice regarding the admissibility of Defendant Yvonne St Cyr's prior act of trespassing at a government building.

Defendant St Cyr is charged with crimes related to her conduct at the Capitol on January 6, 2021.  As detailed herein, Defendant St Cyr's prior act is probative in establishing St Cyr's motive, intent, knowledge, and absence of mistake.

**I.      PROCEDURAL HISTORY**

On May 25, 2022, the grand jury charged Defendant St Cyr with two counts of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) and 2; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).   (ECF No. 37.)

1

The government extended a plea offer, which Defendant St Cyr rejected.   The case is scheduled for jury trial to commence on March 6, 2023.

## II.      DEFENDANT'S CONDUCT ON JANUARY 6, 2021

On or about January 5, 2021, St Cyr traveled from Idaho to Washington, D.C.   On January 6, 2021, Defendant St Cyr attended the "Stop the Steal" rally south of the White House; thereafter, she went to the U. S. Capitol, where she remained on restricted grounds between approximately 2:00 p.m. and 4:00 p.m.

Between approximately 2:15 and 2:30 p.m., Defendant St Cyr was on the West Plaza of the Capitol at the front of the group of people up against the "bike rack" style barricades, face-to-face with law enforcement officers.   From the barricades and commands given by police, it was clear that people were not allowed on the Capitol grounds.   After confronting law enforcement and used her back to push against the bike racks, Defendant St Cyr pushed the barricades open, making her among the first rioters to breach the barricades on the West Plaza of the Capitol.   After Defendant St Cyr breached the barricades, she proceeded across the West Plaza of the Capitol, making her way to the Lower West Terrace and ultimately into the Lower West Terrace tunnel.

Between approximately 2:56 and 3:19 p.m., Defendant St Cyr remained in the Lower West Terrace tunnel as law enforcement officers were being assaulted by other rioters.   While rioters were pushing against law enforcement officers guarding the doors into the Capitol and in response to another rioter needing a break from yelling for "fresh patriots," St Cry said to another rioter, "I got a loud voice." St Cyr then turned to the mob and shouted, "We need fresh people; we need

2

fresh people!"   A few minutes later, Defendant St Cyr encouraged rioters fighting with the law enforcement officers protecting the Capitol by yelling over and over, "push, push, push, push, push, push."

Later in the afternoon, Defendant St Cyr entered the U.S. Capitol, Senate Room ST-2M through a broken window.   While in that room, St Cyr video recorded others who broke a window and called to the crowd outside to provide gas masks.

While at the Capitol on January 6, 2021, Defendant St Cyr made statements such as, "Super sad that this is America, and Americans are being beaten for wanting to save their country. "Welcome to communist America.   Aren't you so fucking proud?"   After January 6, 2021, St Cyr made statements on Facebook, such as "I only went inside a room in the Capitol to charge my phone."   On or about March 3, 2021, St Cyr gave a custodial interview to law enforcement, in which she said, "I went inside to borrow a phone, call my husband, and to think."   She also acknowledged her December 2020 arrest for trespassing during that interview.   On or about March 4, 2021, St Cyr made statements to her local news station, such as, "I did not go there with the intent to commit a crime." "I still believe what I did was the right thing." She made statements to CNN, such as, "I said to myself, 'do you really need to be in this building?'"

### III.    DEFENDANT'S PRIOR ACT

On December 8, 2020 (less than one month prior to going to the U.S. Capitol), Defendant St Cyr was arrested at the Central District Health (CDH) in Idaho, a government/public building, for trespassing when she refused to vacate those premises as directed by law enforcement. Specifically, Defendant St Cyr went to the Central District Health was holding a meeting in which they were speaking about a revised draft public health order.   Face masks covering the nose and

3

mouth were required inside CDH facilities, as indicated on their website and posted signs.    St Cyr refused to wear her face mask over her nose and mouth as required.    St Cyr was antagonistic with the person instructing her to properly wear her mask.    St Cyr was told to wear mask or leave; she refused to do either.    St Cyr was warned that she would be arrested for trespassing if she continued to refuse.    St Cyr continued to refuse to wear her mask and was arrested for trespassing (a misdemeanor).    A jury trial commenced on or about March 30, 2022, at which St Cyr was found guilty.    She was convicted/sentenced on or about April 28, 2022.    St Cyr has filed an appeal.

## IV.    LEGAL STANDARD

### Rule 404(b) Crimes, Wrongs, or Other Acts

Federal Rule of Evidence 404(b)(2)(A) requires that the government must provide "reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial."    Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, absence of mistake, or lack of accident.    *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion."    *Bowie*, 232 F.3d at 929.    Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Id.* at 929-30 (quoting *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is

4

introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b).   First, the evidence must be "probative of a material issue other than character."   *Miller*, 895 F.2d at 1435.   Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, which renders it inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value.   *Id.*   Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair."   *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material.   The prejudice must be "unfair."); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations and punctuation omitted) (emphasis in original).

Admission of Rule 404(b) evidence is permitted in the government's case-in-chief. Specifically, the government is entitled to anticipate the defendant's denial of intent and knowledge and to introduce similar act evidence as part of its case-in-chief.   *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the government's case-in-chief if it is apparent that the defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief");

*United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that Rule 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the defendant should be introduced in the government's case-in-chief).

## V.    ARGUMENT

Defendant St Cyr's prior arrest for trespassing at a government/public building is probative of her intent, knowledge, absence of mistake, or lack of accident in the present case.    Defendant St Cyr's conduct at the U.S. Capitol on January 6, 2021, was done knowingly and willfully.    Based on some of her statements, as set forth above, Defendant St Cyr will presumably deny knowledge that she was not allowed at or in the Capitol or claim that she engaged in no wrongdoing. Defendant St Cyr has been arrested in the past for refusing to obey commands to leave a government/public building where she was not allowed.    Therefore, her "defense" that she did not know she could be in/at the Capitol or that she was only in the Capitol to charge her phone is questionable.    St Cyr's prior act of trespassing is probative that her actions were not the result of inadvertence, mistake, or accident.

Evidence admissible under Rule 404(b) is subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984).    In this case, the highly probative value of the government's proffered 404(b) evidence is not substantially outweighed by potential prejudice to Defendant St Cyr.    Any potential prejudice is not unique to this case—where the government has shown a permissible non-propensity purpose—but is simply that endemic to all Rule 404(b) evidence.    Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the defendant] committed some other crime, he must have committed the

6

one charged in the indictment.'"   *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007)

(quoting *Crowder II*, 141 F.3d at 1210).   Prejudice in this attenuated sense cannot justify a *per se*

rule of exclusion.   *See Crowder II*, 141 F.3d at 1210.   The defense must instead show

"compelling or unique" evidence of prejudice, *Mitchell*, 49 F.3d at 777, distinct from the probative

value of the evidence and distinct from the intrinsic prejudicial potential of any Rule 404(b)

evidence.   The D.C. Circuit has consistently minimized the residual risk of prejudice not by

exclusion but by instead issuing limiting instructions to the jury.   *See, e.g.*, *Douglas,* 482 F.3d at

601 (emphasizing the significance of the district court's instructions to jury on the permissible and

impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at

1210 (stating that mitigating instructions to jury enter into the Rule 403 balancing analysis).

Thus, because the government's Rule 404(b) evidence is not unduly prejudicial and any minimal

prejudice can be addressed through an appropriate limiting instruction, its admission is

appropriate.

//

//

//

//

//

//

//

//

//

VI.     **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court permit at trial the introduction of its proffered "other acts" evidence, pursuant to Fed. Rule Evid. 404(b).


Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant United States Attorney, Detailee
United States Attorney's Office
District of Columbia
AZ Bar No. 016742
601 D Street, N.W.
Washington, D.C. 20530
(602) 514-7500
jacqueline.schesnol@usdoj.gov