Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho, Ste. 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:    (208) 331-5525

Attorneys for Defendant
YVONNE ST. CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:22-cr-185-JDB |
| | ) | |
| Plaintiff, | ) | **Response to Government's Notice** |
| | ) | **of Intent to Introduce 404(b)** |
| vs. | ) | **Evidence** |
| | ) | |
| YVONNE ST. CYR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Yvonne St. Cyr responds to the government's notice of intent to introduce evidence of other crimes, wrongs, or bad acts pursuant to Federal Rule of Evidence 404(b). ECF No. 48. The Court should deny the government's request because the proffered evidence, that Ms. St. Cyr refused to wear a mask at a local health meeting, is improper character evidence and not probative of a material issue pursuant to Rule 404(b).

## BACKGROUND

On December 8, 2020, Central District Health – the public health authority charged with making public health decisions for several Idaho counties – held an in-person meeting to discuss whether to impose a mask mandate. Ms. St. Cyr attended this meeting – as she approached the meeting room she pulled her mask down off her face. Shortly after pulling her mask down, she was approached by two police officers and told to put her mask on. She declined. After engaging in a nonviolent debate about masks, Ms. St. Cyr was arrested and charged with misdemeanor trespassing. She plead not guilty and, after jury trial in March of 2022, was convicted of misdemeanor trespassing[1].

The government now seeks to use this conduct in her pending trial claiming it is "probative in establishing St. Cyr's motive, intent, knowledge, and absence of mistake." ECF No. 48. For the reasons outlined below, the Court should deny this request.

## DISCUSSION

Federal Rule of Evidence 404(b) applies to extrinsic evidence of other crimes or bad acts. "Convictions are supposed to rest on evidence relevant to the crime charged, not on evidence of other, unrelated bad acts suggesting nothing more than a tendency

---

[1] Trespass under Idaho State law requires the state to prove a defendant refused to immediately depart from the real property of another after being notified to leave by the property's owner or the owner's authorized agent. Idaho Code 18-7008. Despite this fact, Ms. St. Cyr maintains the state introduced no evidence at trial she had been instructed to leave CDH's grounds by an owner or CDH agent. She is currently appealing her conviction.

or propensity to engage in criminality." *United States v. Sheffield*, 832 F.3d 296, 307 (D.C. Cir. 2016) (quoting *United States v. McGill*, 815 F.3d 846, 878 (D.C. Cir. 2016)). Thus, Rule 404(b) precludes the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show action in conformity therewith." The rule against introducing character evidence, also known as "propensity evidence," is not based on the idea that the evidence of a defendant's character is irrelevant. On the contrary, it is based "on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985); see also *Michelson v. United States*, 335 U.S. 469, 475-76 (1948) (finding that prior bad acts evidence offered to show propensity "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge").

A two-step test governs admissibility of evidence in connection with Rule 404(b) in the D.C. Circuit. *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1989), cert. denied, 498 Case 1:21-cr-00158-RC Document 62 Filed 03/21/22 Page 4 of 12 4 U.S. 825 (1990). First, the Court must determine whether the evidence is "probative of some material issue other than character." *United States v. Clark*, 24 F.3d 257, 264 (D.C. Cir. 1994). Second, if the Court finds the evidence relevant to a non-character issue, it still will be excluded if it is inadmissible under any other "general strictures limiting admissibility." *Miller*, 895 F.2d at 1435. Most important

among these strictures is Rule 403. *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992). Under Rule 403, prior crimes evidence will be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by . . . needless presentation of cumulative evidence." *Long*, 328 F.3d at 662; Fed. R. Evid. 403. The government fails both steps of the test in this case

### A. The Government's Evidence is Not Probative of a Material Issue Pursuant to Federal Rule of Evidence 404(b)

To be admissible, the prior trespassing conviction must tend to make Ms. St. Cyr's motive and intent to obstruct law enforcement at the Capitol and disrupt the business in the Capitol "more…probable than it would be without the evidence." Fed. R. Evid. 401; see also *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993). It is hard to see the probative value of Ms. St. Cyr's refusal to wear a mask at a public meeting, other than "to prove that the defendant is a person of bad character and thus predisposed to commit the crime for which [s]he is on trial," – the exact inference prohibited by Rule 404(b). *See United States v. Foskey*, 636 F.2d 517, 523 (D.C. Cir. 1980).

The critical issue in the Idaho state misdemeanor case was that Ms. St. Cyr *refused to wear a mask*, a condition precedent to her entry of the location, and not that the building was a government building. Under the State's theory of the case, her conduct would have been just as criminal if she had refused to wear a mask at a private home or public grocery store. That her refusal to wear a mask happened to

4

occur at a "government/public building" is entirely incidental to the trespassing in that case.

Conversely, in this case, the nature of the Capitol as a government building where official government business occurred is central to the prosecution's theory of the case.  The government must prove, among other things, that Ms. St. Cyr obstructed, impeded, and interfered with a law enforcement officer at a barricade on the Capitol; and that she knowingly remained in a restricted building where the Vice President was without lawful authority; and that she willfully and knowingly engaged in disorderly and disruptive conduct in the Capitol with the intent to impede, disrupt, and disturb the orderly conduct in the Capitol. ECF No. 37.  Thus, the nature of the building as the Capitol, and the official government business occurring in the Capitol, are fundamental to the government's case here.

Ms. St. Cyr's state misdemeanor trespassing conviction, for refusing to wear a mask in public, does not share the same motive as her pending charges in this case. This refusal to wear a mask in public does not demonstrate anything about Ms. St. Cyr's intent at the Capitol on January 6th, 2021.  Nor does it demonstrate any other lawful purpose for the admission of the prior state misdemeanor conviction. The only thing these two incidents have in common is that she is alleged to have violated the law in each instance. In short, the government's purposed use of the state misdemeanor trespassing conviction is propensity evidence pure and simple – she violated the law before and now she did it again.

**B. The Evidence Fails Rule 403's Prejudice-Probity Balancing Test**

Even assuming the proffered evidence is admissible for a non-character purpose, the evidence must be excluded under the second factor of the 404(b) analysis. Under the second factor, evidence will be excluded if it is inadmissible under any other "general strictures limiting admissibility." *Miller*, 895 F.2d at 1435. At the Rule 403 balancing stage, the Court must "assess the probative value of the evidence as compared to the risk of unfair prejudice." *United States v. Hitselberger*, 991 F. Supp. 2d 108, 127 (D.D.C. 2014) (quoting *United States v. Larrahondo*, 885 F. Supp. 2d 209, 227 (D.D.C. 2012)). Rule 403 permits the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Supreme Court has explained that "what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

Evidence Ms. St. Cyr was convicted of a state misdemeanor trespassing charge should be excluded because it will result in a mini trial surrounding the unique circumstances of her refusal to wear a mask and the nuanced legal basis for her conviction. *See United States v. Khan*, 508 F.3d 413, 417 (7th Cir. 2007) (upholding the district court's exclusion of evidence that would result in collateral issues being litigated). Delving into the state trespassing charge also runs the risk of unfairly

prejudicing her by inviting the jury to conclude that she is not a law-abiding citizen and therefore must be guilty of something. *See United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) ("Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis.") (internal quotation marks omitted); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (evidence "is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.") (internal quotation marks omitted). Allowing this evidence also invites the jury to convict Ms. St. Cyr based on her views on mask wearing, something that polarized our country at the time. Consequently, the risk of unfair prejudice of the state misdemeanor conviction substantially outweighs any possible probative value.

## CONCLUSION

The government's proposed evidence is improper character evidence and not probative of a material issue pursuant to Rule 404(b). Accordingly, the Court should preclude the government from introducing this evidence at trial.

Dated: January 20, 2023        Respectfully submitted,

                                             NICOLE OWENS
                                             FEDERAL PUBLIC DEFENDER
                                             By:

                                             /s/ Nicole Owens
                                             Nicole Owens
                                             Federal Defender Services of Idaho
                                             Attorneys for Defendant
                                             YVONNE ST CYR

## CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 20th day of January, 2023.

| | |
|---|---|
| Jacqueline Schesnol, Assistant United States Attorney | |
| Capitol Riot Detailee | ____United States Mail |
| Two Renaissance Square | ____Hand Delivery |
| 40 N. Central Ave., Suite 1800 | ____Facsimile Transmission |
| Phoenix, AZ 85004-4449 | _X_ CM/ECF Filing |
| (602) 514-7500 | ____Email Transmission |
| jacqueline.schesnol@usdoj.gov | |

Dated: January 20, 2023          /s/ Joy Fish
                                 Joy Fish