**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 22-cr-185 (JBD)** |
| | **:** | |
| **YVONNE ST CYR,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE USE OF CERTAIN LANGUAGE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion in Limine to preclude characterizations of the events at the Capitol on January 6, 2021, including but not limited to words such as "insurrection," "riot," "disorderly conduct," "trespass," and "mob." (ECF No. 57 at 1-2.)  In essence, Defendant St Cyr asks that the Court prevent the government and witnesses from using language that accurately establishes and describes the defendant's crimes and conduct of himself and others; therefore, this Court, as others[1] have done, should deny such a motion.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election.  While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol

---

[1] *United States v. Gillespie,* 22-cr-60 (BAH) (ECF 43, Nov. 20, 2022); *United States v. Rahm, Jr.*, 21-cr-150 (TFH) (Aug. 15, 2022); *United States v. Alford*, 21-cr-263 (TSC) (Sept. 9, 2022); and *United States v. Sheppard*, 21-cr-203 (JDB) (ECF 66, Jan. 6, 2023).

building.  As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of thousands of unlawful occupants and ensure the safety of elected officials.

In early January 2021, Defendant St Cyr traveled by vehicle from Idaho to Washington, D.C.  On January 6, 2021, Defendant St Cyr attended the "Stop the Steal" rally south of the White House; thereafter, she went to the U. S. Capitol, where she remained on restricted grounds between approximately 2:00 p.m. and 4:00 p.m.

Between approximately 2:15 and 2:30 p.m., Defendant St Cyr was on the West Plaza of the Capitol at the front of a group up against the "bike rack" style barricades, face-to-face with law enforcement officers.  From the barricades and commands given by police, it was clear that people were not allowed on the Capitol grounds.  After confronting law enforcement and used her back to push against the bike racks, Defendant St Cyr pushed the barricades open, making her among the first rioters to breach the barricades on the West Plaza of the Capitol.  After Defendant St Cyr breached the barricades, she proceeded across the West Plaza of the Capitol, making her way to the Lower West Terrace and ultimately into the Lower West Terrace tunnel.

Between approximately 2:56 and 3:19 p.m., Defendant St Cyr remained in the Lower West Terrace tunnel as law enforcement officers were being assaulted by other rioters.  While rioters were pushing against law enforcement officers guarding the doors into the Capitol and in response to another rioter needing a break from yelling for "fresh patriots," St Cry said to another rioter, "I got a loud voice." St Cyr then turned to the mob and shouted, "We need fresh people; we need fresh people!"  A few minutes later, Defendant St Cyr encouraged rioters fighting with the law enforcement officers protecting the Capitol by yelling over and over, "push, push, push, push, push, push."

Later in the afternoon, Defendant St Cyr entered the U.S. Capitol, Senate Room ST-2M, through a broken window.  While in that room, St Cyr video recorded others who broke a window and called to the crowd outside to provide gas masks.

Based on her actions on January 6, 2021, St Cyr was charged with two counts of obstructing, impeding, and interfering with a law enforcement officer during the commission of a civil disorder, in violation of 18 U.S.C. § 231(a)(3); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); disorderly conduct within the Capitol grounds or buildings, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).  (ECF No. 37.)

## ARGUMENT

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), and Rule 401 contains a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022).  Additionally, Rule 403 does not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998). Neither Rule 401 nor 403 supports the defendant's requested relief.

### The Descriptors Accurately Describe the Events of January 6, and the Federal Rules of Evidence Do Not Preclude Them.

Defendant St Cyr argues that the Court should bar terms like such as "insurrection," "riot," "disorderly conduct," "trespass," and "mob."  She argues that such terms are "inflame juror passions will tempt the jury to base a verdict on emotion instead of the evidence." (ECF 57 at 2.)

3

Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note).  By their very nature, criminal charges involve an accusation that someone has wronged another person or has wronged society.  Accordingly, such charges arouse emotion—and there is nothing improper about that. Indeed, while cautioning against prosecutorial misconduct in *United States v. Berger*, the Supreme Court simultaneously recognized that "[t]he United States Attorney . . . may prosecute with earnestness and vigor—indeed, he should do so." *Berger*, 295 U.S. 78, 88 (1935). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (*quoting United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). When a prosecutor's comments fairly characterize the offense, fairly characterize the defendant's conduct, and represent fair inferences from the evidence, they are not improper. *Cf. Rude*, 88 F.3d at 1548 (the use of words like victim, deceit, outlandish, gibberish, charlatan, and scam was not improper); *Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule [of evidence or ethics] requiring the prosecutor to use a euphemism for [a crime] or preface it by the word 'alleged.'").

Here, the government should not be required to dilute its language and step gingerly around St Cyr's crimes.  Contrary to the defendant's insinuations, what took place on January 6, 2021, was in fact a riot involving rioters, and an attack on the United States Capitol, the government of the United States, and American democracy.  Defendant, however, does not grapple with the fact that the words also accurately describe the events that occurred on January 6, 2021.[2]

---

[2]     See     *Insurrection*,     MERRIAM-WEBSTER,     https://www.merriam-webster.com/dictionary/insurrection  (last visited Jan. 30, 2023) ("an act or instance of revolting against civil authority or an established government"); *Attack*, MERRIAM-WEBSTER,

After carefully considering the facts of other January 6 cases, the D.C. Circuit and many other members of the Court have recognized the riot as just such an attack, using these terms throughout January 6 proceedings. *See*, *e.g.*, *United States v. Mostofsky*, 1:21-cr-138 (JEB), Sent. Tr. at 40–41, May 6, 2022 (describing the riot as an "attack," describing the Capitol as "overrun," and describing Mostofsky and other rioters as engaged in "an attempt to undermine [our] system of government."); *United States v. Rubenacker*, 1:21-cr-193 (BAH), Sent. Tr. at 147–48, May 26, 2022 (describing the defendant as "part of this vanguard of people storming the Capitol Building" as part of the initial breach, and finding that his conduct "succeeded, at least for a period of time, in disrupting the proceedings of Congress to certify the 2020 presidential election"); *United States v. Languerand*, 1:21-cr-353 (JDB), Sent. Tr. at 33–34, January 26, 2022 ("[T]he effort undertaken by those who stormed the Capitol . . . involved an unprecedented and, quite frankly, deplorable attack on our democratic institutions, on the sacred ground of the United States Capitol building, and on the law enforcement officers who were bravely defending the Capitol and those democratic values against the mob of which the defendant was a part."). *See also*, *Trump v. Thompson*, 20 F.4th 10 (D.C. Cir. 2021) (using the terms "insurrection," "riot," "rioters," "attack," and "mob" throughout the opinion); *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021) (using the terms "insurrection," "riot," "rioters," and "mob" throughout the opinion); *United States v. Bledsoe*, No. 21-cr-204 (BAH), 2022 WL 3594628; at *2 (D.D.C. Aug. 22, 2022) (describing "The January 6, 2021 Attack on the Capitol" and referring to the "mob," "riot," and "rioters"); *United*

---

https://www.merriam-webster.com/dictionary/attack (last visited Jan. 30, 2023) ("the act of attacking with physical force or unfriendly words: assault"); *Riot*, MERRIAM-WEBSTER, https://www.merriamwebster.com/dictionary/riot (last visited Jan. 30, 2023) ("a violent public disorder"); *Rioter*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/rioter (last visited Jan. 30, 2023) (an individual who "create[s] or engage[s] in a riot"); and *Mob*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/mob (last visited Jan. 30, 2023) ("a large and disorderly crowd of people").

*States v. Ballenger*, No. 21-cr-719 (JEB), 2022 WL 16533872 (D.D.C. Oct. 28, 2022) (referring

to the January 6, 2021, "insurrection" and "attack"); *United States v. Grider*, No. 21-cr-22 (CKK),

2022 WL 3016775 (D.D.C. July 29, 2022) (referring to January 6, 2021, as an "insurrection" and

"riot" committed by "rioters" and a "mob"); *United States v. Reffitt*, No. 21-cr-32 (DLF), 2022

WL 1404247 (D.D.C. May 4, 2022) (referring to the January 6, 2021, "insurrection" committed

by "rioters" and a "mob"); *United States v. Bingert*, No. 21-cr-91 (RCL), 2022 WL 1659163

(D.D.C. May 25, 2022) (referring to January 6, 2021, as an "insurrection" and "riot" committed

by "rioters" and a "mob").  This language is not hyperbole; rather, it accurately describes visceral

and violent events.  The government needs to use appropriate language—and not euphemisms—

to describe the nature and gravity of St Cyr's conduct.

As Chief Judge Howell stated, "the terms also overlap with elements of the charged

offenses, which the government must prove at trial. For example, obstructing, impeding, or

interfering with law enforcement duties incident to and during a civil disorder of many hundreds

of people, or a mob, is a violent public disorder, or a riot.  Knowingly engaging in physical violence

against any person or property using physical force is an assault, or an attack.  Obstructing,

influencing, or impeding an official government proceeding with the intent to disrupt an electoral

vote is a revolt against an established government, or an insurrection. While these terms could

trigger emotional responses in some individuals, the mere use of these terms does not, at this stage,

signal prejudice that substantially outweighs their probative value.  Thus, muzzling the

government and witnesses from employing commonly used words and phrases to describe the

events on January 6, 2021, is impractical and does not amount to unfair prejudice in violation of

Federal Rule of Evidence 403." *United States v. Gillespie*, 22-cr-60 (BAH) (November 30, 2022,

ECF 43 at 6-7.)

Finally, the defendant argues that the government and its witnesses should be precluded from using words like "trespass," "disorderly conduct," and "demonstrating" during the presentation of witness testimony. (ECF No. 57at 2-3.)  Here, the defendant's concern is not an appeal to the jury's emotions, but that such terminology amounts to an improper legal conclusion. But the defendant cites no meaningful support for her argument. *United States ex rel. Mossey v. Pal-Tech, Inc.*, 231 F. Supp. 2d 94 (D.D.C. 2002) is a civil case in which Judge Friedman refused to allow testimony by an expert because (1) the plaintiff's expert report failed to comply with Fed. R. Civ. P. 26(a)(2)(B) and (2) the report "contain[ed] nothing more than legal opinions and unsubstantiated assessments of evidence." *Mossey*, 231 F. Supp. 2d at 98.  In that case, it was apparent that the expert had no scientific or technical expertise that would help the jury, but rather that the plaintiff sought to use him solely to explain legal concepts that would intrude upon the Court's obligation to instruct the jury. *Id.*  That is a far cry from the situation in this case, where police officers might explain that rioters were trespassing because no one was authorized to enter the Capitol on January 6, 2021, or that the presence of the crowd was disruptive because police had to clear the entire crowd before Congress could resume its business.  Indeed, the federal rules do not prohibit such testimony. *See* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.")

//

//

//

//

//

//

## **CONCLUSION**

For the reasons stated above, Defendant St Cyr's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Jacqueline Schesnol*
Jacqueline Schesnol
Assistant United States Attorney
AZ Bar No. 016742
Capitol Riot Detailee
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004-4449
(602) 514-7500
jacqueline.schesnol@usdoj.gov

*/s/ Eric Boylan*
ERIC W. BOYLAN
Assistant United States Attorney
Texas Bar No. 24105519
601 D Street N.W.
Washington, DC  20002
(202) 815-8608
eric.boylan@usdoj.gov