UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-185 (JDB) |
| v. | : | |
| | : | |
| YVONNE ST CYR, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

**Instructions Before and During Trial**

The government has no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or*

    Defendant as Witness, Redbook 2.209, *as applicable*

17. False or Inconsistent Statement by Defendant, Redbook 2.210 *as applicable*

18. Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216, *as applicable*

19. Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217, *as applicable*

20. Impeachment by Proof of Conviction of a Crime – Defendant, Redbook 2.220, *as applicable*

21. Statements of the Defendant – Substantive Evidence, Redbook 2.305

22. Other Crimes Evidence, Redbook 2.321

23. Counts One and Two, Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) [see proposal below]

24. Count Three, Entering or Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1) [see proposal below]

25. Count Four, Disorderly or Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

26. Count Five, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

27. Count Six, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

28. Proof of State of Mind, Redbook 3.101

29. Multiple Counts – One Defendant, Redbook 2.402

30. Unanimity—General, Redbook 2.405

31. Verdict Form Explanation, Redbook 2.407

32. Redacted Documents and Tapes, Redbook 2.500, *as applicable*

33. Exhibits During Deliberations, Redbook 2.501

34. Selection of Foreperson, Redbook 2.502

35. Possible Punishment Not Relevant, Redbook 2.505

36. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

37. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

38. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

39. Excusing Alternate Jurors, Redbook 2.511

40. Court Interaction with Jury During Deliberations – Note, Redbook 2.600

41. When Jurors Cannot Agree, Redbook 2.601, *as applicable*

42. Instructions to Jury Before Polling, Redbook 2.602

43. Instructions to Jury After Polling, Redbook 2.603

44. Comment on Verdict – Note, Redbook 2.604

# CIVIL DISORDER[1]
18 U.S.C. § 231(a)(3)

Counts One and Two charge that: On or about January 6, 2021, in the District of Columbia, **YVONNE ST CYR** did commit or attempted to commit an act to obstruct, impede, or interfere with officers who were lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with law enforcement officers.
> 2. At the time of the defendant's actual act, law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.
> 3. The civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Committing or attempting to commit this offense are not separate offenses but alternative ways in which the government alleges that defendant **YVONNE ST CYR** committed this same offense in Counts One and Two. You need not conclude that she both committed and attempted to commit the acts described in the above paragraph. I will instruct you as to both the commission of the offense and the attempted commission of the offense below. You may consider these two alternatives in any order you wish.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

---

[1] 18 U.S.C. § 231(a)(3); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 15-18); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 16); *United States v. Williams*, No. 21-cr-618 (ABJ) (ECF 122 at 25); *United States v. Gillespie*, No. 22-cr-60 (BAH) (ECF 62 at 7-8).

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

*Attempt*

In Counts One and Two, **YVONNE ST CYR** is alternatively charged with attempt to commit the crime of civil disorder. As I mentioned, attempting to commit this offense is not a separate offense but an alternative way in which the government alleges that defendant **YVONNE ST CYR** committed this same offense in Counts One and Two.

In order to find the defendant guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

1. The defendant intended to commit the crime of civil disorder, as I have defined that offense above; and
2. The defendant took a substantial step toward committing civil disorder.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit civil disorder merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the "substantial step" element, you may not find the defendant guilty of attempt to commit civil disorder merely because she made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish her intent to commit civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last step necessary to complete the crime.

# ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[2]
18 U.S.C. § 1752(a)(1)

Count Three charges that: On or about January 6, 2021, in the District of Columbia, **YVONNE ST CYR** entered or remained in a restricted building or grounds, which is a violation of federal law.

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
> 2. The defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

The term "knowingly" has the same meaning as I have already described to you in the instruction for Counts One and Two.

---

[2] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 9-10); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 9); *United States v. Gillespie*, No. 22-cr-60 (BAH) (ECF 62 at 8-9); *United States v. Sheppard*, No. 21-cr-203 (JDB).

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[3]
18 U.S.C. § 1752(a)(2)

Count Four charges that: On or about January 6, 2021, in the District of Columbia, **YVONNE ST CYR** engaged in disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> 1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
> 2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
> 3. The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" has the same meanings as I have already described to you in the instructions for Count Three .

The term "knowingly" has the same meanings as I have already described to you in the instructions for Counts One and Two.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

---

[3] 18 U.S.C. § 1752(a)(2); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF 86 at 22-23); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF 84 at 33); *United States v. Webster*, No. 21-cr-208 (APM) (ECF 101 at 20-21); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 8-9); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 9-10); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF No. 65 at 8-9); and *United States v. Gillespie*, No. 22-cr-60 (BAH) (ECF No. 62 at 9).

## DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING[4]
40 U.S.C. § 5104(e)(2)(D)

Count Five charges that: On or about January 6, 2021, in the District of Columbia, **YVONNE ST CYR** engaged in disorderly or disruptive conduct in a Capitol Buildings, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

    1. The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;
    2. The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and
    3. The defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The terms "disorderly conduct" and "disruptive conduct" have the same meanings as defined above.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

The term "knowingly" has the same meaning described in the instruction for Counts One and Two.

I instruct you that, for purposes of Count Five, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress at the times it was convened on January 6, 2021, to certify the Electoral College vote for the 2020 presidential election.

---

[4] 40 U.S.C. § 5104(e)(2)(D); *United States v. Gillespie*, No. 22-cr-60 (BAH) (ECF No. 62 at 10); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 9); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10-11); and *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10-11); *United States v. Sheppard*, No. 21-cr-203 (JDB).

# PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING – ELEMENTS[5]
(40 U.S.C. § 5104(e)(2)(G))

Count Six charges that: On or about January 6, 2021, in the District of Columbia, **YVONNE ST CYR** engaged in parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Five defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as in the instruction for Counts One and Two.

The term "willfully" has the same meaning as in the instruction for Count Five defining "willfully."

---

[5] 40 U.S.C. § 5104(e)(2)(G); *United States v. Sheppard*, No. 21-cr-203 (JDB); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 9-10); *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF 215 at 10-11); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF 112 at 10-11); 40 U.S.C. § 5104; *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000.