UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YVONNE ST. CYR,<br>    Defendant. | Criminal Action No. 22-185 (JDB) |

### ORDER

Defendant Yvonne St. Cyr is charged with six counts related to her activity at the U.S. Capitol on January 6, 2021, and her trial is set to begin on March 6, 2023. Before the Court is St. Cyr's motion in limine to preclude the government from using certain terms to describe the events of January 6, 2021 and the individuals who participated in those events. See Mot. in Limine to Preclude Use of Prejudicial Terminology [ECF No. 57] ("Mot. in Limine") at 1. This Court and others have denied substantially similar motions in prior January 6 cases, see, e.g., Order at 4–7, United States v. Sheppard, Crim A. No. 21-203 (JDB) (D.D.C., Jan. 6, 2023), ECF No. 66 ("Sheppard Order"); see also Gov't's Opp'n to Mot. in Limine [ECF No. 58] ("Gov't Opp'n") at 1 & n.1 (collecting cases). For the reasons given below and described in more depth in Sheppard, the Court will deny St. Cyr's motion.

Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Sanford Ltd., 878 F. Supp. 2d 137, 143 (D.D.C. 2012) (quoting Fed. R. Evid. 403 advisory committee's note). However, as this Court explained in Sheppard, "[n]ot all language or evidence that arouses emotions is improper—the relevant question is whether such language or evidence will cause the jury to make a decision based on emotion rather than on the facts and law." Sheppard Order at 5. St. Cyr argues that words like "riot," "rioter," "insurrection," "insurrectionist," "mob,"

1

and "trespass" are unfairly prejudicial because they are "inflammatory, value-laden, or legally conclusory." Mot. in Limine at 1–2. The government counters that these terms "[a]ccurately [d]escribe" January 6 and precluding their use would force the government to "dilute its language and step gingerly around St Cyr's crimes." Gov't Opp'n at 3–4.

As in Sheppard, "[s]ome of the words identified by [St. Cyr] have a higher risk of unfair prejudice than others." Sheppard Order at 5. A term like "riot" is not prejudicial because courts—including this one—routinely use it to describe the events of January 6, see id. (citing United States v. Brock, Civ. A. No. 21-140 (JDB), 2022 WL 3910549, at *1 (D.D.C. Aug. 31, 2022)), but other terms, "such as 'insurrectionist,' may be inappropriate . . . depend[ing] on the context and evidence being presented." Id. Even so, "[t]he government should not be required to mince its words in describing facts in its presentation of the evidence." Id.

Nor is the Court concerned that words like "trespass," "disorderly conduct," or "demonstrating," would "suggest legal conclusions" if allowed "during the presentation of evidence." Mot. in Limine at 2; see id. at 3 (citing Cameron v. City of New York, 598 F.3d 50, 62 (2d Cir. 2010), which emphasizes "the impropriety of allowing a lay witness to testify in the form of a legal conclusion"). The Court has previously rejected this argument, noting that, "[a]lthough there are limitations on the admissibility of opinions on legal conclusions by both lay and expert witnesses, witnesses are not precluded from using certain words simply because they also carry some legal significance." Sheppard Order at 6.

The Court will thus deny St. Cyr's motion because "[a]t this point, an order outlining precisely which terms the government may or may not use would sweep too broadly." Sheppard Order at 6. However, "[t]he parties are instructed to be wary of the potentially inflammatory nature of certain terms, and are free to object to specific questions or language used during trial." Id.

2

\* \* \*

For the reasons set forth above, and upon consideration of the entire record herein, it is hereby **ORDERED** that [57] St. Cyr's motion in limine to preclude use of certain terms at trial is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: February 23, 2023