UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-cr-185 (JDB) |
| | : | |
| YVONNE ST CYR, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' REQUEST FOR *FRYE/COOPER* HEARING

The United States requests the Court set a hearing before this Court so that the parties can make a record regarding the government's plea offer pursuant to *Missouri v. Frye*, 566 U.S. 133 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012). In *Frye*, the Court advised that "formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence." 566 U.S. at 146. At the hearing, the United States will make a record of the plea offer, which defendant St Cyr has rejected. The government requests permission to briefly state the following facts on the record in defendant St Cyr's presence.

On February 12, 2021, the government charged defendant St Cyr with four crimes in a Complaint. (ECF 1.) The defendant was arrested on March 3, 2021. On May 25, 2022, the grand jury returned an indictment charging St Cyr with six crimes. (ECF 37.) On or about June 14, 2022, the government extended a formal plea offer to resolve this case in a written proposed plea agreement and an accompanying statement of offense. The terms of that plea offer were as follows: defendant St Cyr would plead guilty to Count Two of the Indictment, charging her with Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2, and the Government would move to dismiss all remaining counts of the Indictment. The Government twice extended the deadline for the plea offer, and on November 14, 2022, by way of an email from her

counsel, defendant St Cyr rejected that plea offer.

The potential sentencing exposure in the event defendant St Cyr had accepted that plea offer was a maximum of five years imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3); and a $100 special assessment.  The estimated offense level under the United States Sentencing Guidelines were as follows:

Count One -- 18 U.S.C. § 231(a)(3)

| | | |
|---|---|---|
| U.S.S.G. §2A2.4 | Base Offense Level | 10 |
| U.S.S.G. § none | Specific Offense Characteristics | 0 |
| | Total | 10 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -2 |
| | Final offense level | 8 |

A level 8 at Criminal History Category I carries a guidelines term of imprisonment of 0-6 months incarceration.

In the alternative, the potential sentencing exposure for all six counts was a maximum of 13 years in custody (5 years for each of two counts of 18 U.S.C. § 231(a)(3), a Class D felony; one year for each of two Class A misdemeanors charged; and six months for each of two Class B misdemeanor charged); a term of probation of not more than five years for each of the Class B misdemeanors pursuant to 18 U.S.C. § 3561(c); a term of supervised release of not more than three years for each of the Class D felonies and one year for each of the Class A and B misdemeanors, pursuant to 18 U.S.C. § 3583(b)(2) and (3); a fine of not more than $250,000 each for the Class D felonies pursuant to 18 U.S.C. § 3571(b)(3) and (d), $100,000 for each Class A misdemeanor pursuant to 18 U.S.C. § 3571(b)(5), and $5,000 for each Class B misdemeanor pursuant to 18 U.S.C. § 3571(b)(6)); and a special assessment of $100 per each of the Class D felonies, $25 for

each of the Class A misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(iii), and $10 for the class B misdemeanors pursuant to 18 U.S.C. § 3013(a)(1)(A)(ii).

Further, the guideline range for a conviction of a single level 10 offense is 6-12 months. Defendant is charged with multiple counts. Therefore, is no guarantee that the final offense level after a trial will in fact be a level 10. It is possible that conviction of multiple counts or the evidence at trial could give rise to guideline enhancements and upward departures, resulting in a final level greater than 10, and subsequently resulting in a greater sentencing range.

The defendant objects to this hearing as unnecessary.

The case is scheduled for jury trial on March 6, 2023. To avoid any argument on appeal or in a 28 U.S.C. § 2255 proceeding that the plea offer was never conveyed to St Cyr, the United States requests the Court permit a short *Frye/Cooper* hearing to take place at the pretrial conference on Wednesday, March 1, 2023. The requested hearing will ensure that defendant St Cyr was fully aware of the proposed plea offer and rejected it.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/
JACQUELINE SCHESNOL
Assistant United States Attorney
Arizona Bar No. 016742
Capitol Riot Detailee
jacqueline.schesnol@usdoj.gov
(602) 514-7500

/s/
ERIC W. BOYLAN
Assistant United States Attorney
TX Bar No. 24105519
eric.boylan@usdoj.gov
202-815-8608