Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:  (208) 331-5500
Facsimile:  (208) 331-5525

Attorneys for Defendant
YVONNE ST CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:22-cr-00185-JDB |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| YVONNE ST CYR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENSE PROPOSED JURY INSTRUCTIONS**

Ms. St Cyr, through counsel, respectfully moves this Court to permit these jury instructions to be filed in the above case.

## DEFENSE PROPOSED INSTRUCTION No. 1

**Elements of the Offense 18 U.S.C. §231(a)(3) and (2) (Civil Disorder)**

Count One of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer at a barricade on the West Plaza of the United States Capitol, who was lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.[1]

To find a defendant guilty of this offense, it is necessary that the government establish beyond a reasonable doubt each and all the following essential elements:[2]

1. First, a civil disorder - as I will define civil order, not common language - existed at the time of the alleged violation.

2. Second, that such civil disorder was resulting in interference with a federally protected function and obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce.

---

[1] The language of the count mirrors the language of the indictment. *United States v. Lemire*, 720 F.2d 1327, 1344 (D.C. Cir. 1983) (citations omitted), cert. denied, 467 U.S. 1226 (1984). ("A substantial deviation of instructions from an indictment is impermissible because first it requires a defendant to answer a criminal charge that was not brought by a grand jury . . . and second it denies the defendant sufficient notice to prepare and present an adequate defense.").

[2] *See United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976); *United States v. Jaramillo*, 380 F. Supp. 1375, 1376 (D. Neb. 1974); *United States v. McArthur*, 419 F. Supp. 186, 190 (D.N.D. 1975); *United States v. Banks-Means*, 383 F. Supp. 368 (D.S.D. 1974); *United States v. Red Feather*, 392 F. Supp. 916 (D.S.D.1975).

3. Third, that an actual, specific, identifiable law enforcement officer was lawfully engaged in the lawful performance of their official duty's incident to and during the commission of such civil disorder.

4. Fourth, that Ms. St Cyr committed, or attempted to commit, any act for the intended purpose of obstructing, impeding, and interfering, in a violent manner with such law enforcement officer.

5. Fifth, that such act or attempt to act was done willfully and knowingly.

Definitions

To act "knowingly" means the defendant realized what she was doing, and was aware of the nature of her conduct, and did not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, she acted intentionally and purposely and with the intent to do something the law forbids.[3] The person need not be aware of the specific law or rule that her conduct may be violating. But she must act with the intent to do something that the law forbids.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within

---

[3] *Bryan v. United States*, 524 U.S. 184, 193 (1998).

the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails. It does not include Congress's certification of the Electoral College vote.[4]

Aiding and Abetting[5]

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleged that Ms. St Cyr aided and abetted others in committing Civil Disorder as charged in the indictment. In order to find Ms. St Cyr guilty of civil disorder because she aided and abetted the commission of this offense, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

> First: that others committed the offense charged by committed each of the elements of the offense charged, as I have explained those elements to you in

---

[4] *United States v. Nordean*, 579 F. Supp. 3d 28, 55 (D.D.C. 2021).
[5] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02; *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29-31; *United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Final Jury Instructions, ECF No. 84 at 29-30.

these instructions.

Second: that Ms. St Cyr had advance knowledge that the offense charged was going to be committed or was being committed by others.[6]

Third: That Ms. St Cyr knowingly did some act for the purpose of aiding, assisting,    facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense;

Fourth: That Mr. St Cyr performed an act in furtherance of the offense charged.

In deciding whether Ms. St Cyr had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Ms. St Cyr's words and actions and other facts and circumstances. However, evidence that Ms. St Cyr merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find her guilty as an aider and abetter. If the evidence shows that Ms. St Cyr knew the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was Ms. St Cyr's intent and purpose to aid, assist, encourage, facilitate or otherwise associate herself with the offense, you may not find him guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Ms. St Cyr in some way participated in the offense committed by others as something Ms. St Cyr wished to bring about and to make succeed.

---

[6] *See Rosemond v. United States*, 572 U.S. 65, 81-82 (2014) ("The District Court erred…because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

Proposed Jury Instructions                -5-

## DEFENSE PROPOSED INSTRUCTION No. 2

**Elements of the Offense 18 U.S.C. §231(a)(3) and (2) (Civil Disorder)**

Count Two of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer in the Lower West Terrace tunnel, who was lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

The elements are the same as in Count One and must be proven beyond a reasonable doubt.

## DEFENSE PROPOSED INSTRUCTION No. 3

### Elements of Count Two- 18 U.S.C. §1752(a)(1)-Entering and Remaining in a Restricted Building or Grounds

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so;

2. Second, that the defendant did so knowingly, meaning he knew that the building or grounds was restricted and he knew he lacked lawful authority to enter or remain there.[7]

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.[8]

The term "knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[7] *Reffitt*, ECF No. 119 at 30.
[8] *United States v. Dustin Thompson*, 21-cr-161 (RBW), Final Jury Instructions, ECF No. 83 at 31.

Proposed Jury Instructions -7-

DEFENSE PROPOSED INSTRUCTION No. 4

**Elements of Count Three- 18 U.S.C. §1752(a)(2)-Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct;

2. Second, that the defendant did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. Third, that the defendant's conduct was in a restricted building or grounds; and

4. Fourth, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[9]

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.[10]

---

[9] *Id.* at 33.
[10] *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[11]

---

[11] *Id.* at 34.

DEFENSE PROPOSED INSTRUCTION No. 5

**Elements of Count Five- 40 U.S.C. §5104(e)(2)(D)-Disorderly Conduct in a Capitol Building**

Count Five of the Indictment charges the defendant with Disorderly Conduct in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in the United States Capitol Buildings;

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. Third, that the defendant acted willfully and knowingly.[12]

Definitions

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

The term "willfully" has the same meaning described in the instructions for Count One defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[12] *Robertson*, ECF No. 86 at 25.

Proposed Jury Instructions -10-

## DEFENSE PROPOSED INSTRUCTION NO. 6

**Elements of Count Six- 40 U.S.C. §5104(e)(2)(G)-Parading, Demonstrating, or Picketing in a Capitol Building**

Count Six of the Indictment charges the defendant with Parading, Demonstrating, or Picketing in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant was inside the United States Capitol Building;
2. Second, that the defendant paraded, demonstrated, or picketed; and
3. Third, that the defendant acted willfully and knowingly.[13]

<u>Definitions</u>

The terms "parade" and "picket" have the ordinary meanings of what amounts to parading and picketing. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[14]

The term "willfully" has the same meaning described in the instructions for Count One defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[13] *Thompson*, ECF No. 83 at 39.
[14] *Id*.

Proposed Jury Instructions -11-

## DEFENSE PROPOSED INSTRUCTION NO. 7

**Mere Presence**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.[15]

---

[15] 1A Fed. Jury Prac. & Instr. § 16:09 (6th ed.), February 2023 Update. *See e.g.*, *United States v. Allred*, 867 F.2d 856, 859 (5th Cir.1989); *United States v. Acevedo*, 842 F.2d 502, 507 (1st Cir.1988); and *United States v. Natel*, 812 F.2d 937, 940–941 (5th Cir.1987), and in aiding and abetting cases. *See e.g.*, *United States v. Acevedo*, 842 F.2d 502, 507 (1st Cir.1988); and *United States v. Love*, 767 F.2d 1052, 1059 n. 8 (4th Cir.1985), cert. denied, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986). It is sometimes given in other contexts. *See e.g.*, *Government of the Canal Zone v. Castillo*, 568 F.2d 405, 410 (5th Cir.), cert. denied, 436 U.S. 910, 98 S.Ct. 2248, 56 L.Ed.2d 410 (1978). While mere presence at the scene of a crime or close association with another who is involved in a crime is not sufficient in itself to support a conviction, such presence or association is a factor which the jury may consider along with other evidence in reaching its verdict. *United States v. Natel*, 812 F.2d 937, 940–941 (5th Cir.1987). *See generally*, LaFave, W. R., Criminal Law § 6.7 (4th Ed. 2003).

Dated: February 27, 2023

Respectfully submitted,
NICOLE OWENS
FEDERAL PUBLIC DEFENDER
By:


<u>/s/ Nicole Owens</u>
Nicole Owens
Federal Defender Services of Idaho
Attorneys for Defendant
YVONNE ST CYR

## CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 27th day of February, 2023.

Jacqueline Schesnol, Assistant United States Attorney
Capitol Riot Detailee                            ____United States Mail
Two Renaissance Square                           ____Hand Delivery
40 N. Central Ave., Suite 1800                   ____Facsimile Transmission
Phoenix, AZ 85004-4449                           _X_ CM/ECF Filing
(602) 514-7500                                   ____Email Transmission
jacqueline.schesnol@usdoj.gov


Dated: February 27, 2023            /s/ Joy Fish
                                    Joy Fish