UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Case No: 22-cr-185 (JDB) |
| | : | |
| **YVONNE ST CYR,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION IN LIMINE
REGARDING PUBLIC-AUTHORITY OR ENTRAPMENT-BY-ESTOPPEL
DEFENSES**

In the defendant's response to the government's motion *in limine*, she suggests that there is some permissible argument, other than a public-authority defense, by which she will argue to the jury that she lacked the requisite *mens rea* to commit the charged crimes.

Although the basis for such a defense remains unclear, the government does not intend to prevent the defendant from making a permissible argument to the jury. The government does, however, have concern that in doing so, the defendant will tread into the realm of a public-authority or entrapment-by-estoppel defense that should be precluded by the government's motion *in limine*. It is difficult to envision a reason to adduce several of Donald Trump's tweets propagating lies about election fraud and encouraging his followers to attend his rally on January 6, other than to argue that the defendant relied on them to believe she was permitted to breach the Capitol. Such an argument would be tantamount to an entrapment-by-estoppel or public-authority defense, is impermissible, and should be prohibited pursuant to the government's motion *in limine*.

To ensure that the defendant remains within the bailiwick of permissible argument and does not tread into the realm of a defense that should be precluded, the Court should require the defendant to articulate that argument—outside the purview of the jury—in a proffer session similar to that in *United States v Graham*, 663 Fed. Appx. 622 (10th Cir. 2016).

In *Graham*, the Tenth Circuit Court of Appeals upheld a district court's requirement that a criminal defendant proffer some evidence of his defense before being allowed to present such a defense at trial. The defendant sought to offer evidence in support of a duress defense to defend against charges that he escaped from custody.

The district court, before trial began, required the defendant to make a proffer to describe the content of his defense to the Court. The defendant refused to do so, was found guilty, and appealed. The appellate court held that the district court's requiring such a proffer was permissible and constitutional.

The court held that such proffers form a crucial part of the court's gatekeeping function, serving to protect the factfinder from impermissible evidence. *See Graham* at 625-26 ("A trial court may properly assess the sufficiency of a defendant's duress defense before it is submitted to the jury as part of its 'gate-keeping responsibilities,' its 'inherent authority to manage the course of trials.'") (internal citations omitted). Nor are such proffers uncommon—including in cases involving a public-authority defense. *See Graham* at 626 ("It is not uncommon for defendants to be required to proffer evidence of their defense(s) in advance of trial; in fact, the Federal Rules of Criminal Procedure expressly require defendants to provide the government with pretrial notice that they intend to pursue alibi, insanity, or public-authority defenses.").

In this case, the Court should require a proffer similar to that in *Graham*. Such a proffer session should occur not only before the defendant is permitted to present evidence to the jury,

but also before the defendant's opening statement. Holding a proffer session before trial begins will ensure that no impermissible statements are made to the jury.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Jacqueline Schesnol*
        JACQUELINE SCHESNOL
        Assistant United States Attorney, Detailee
        AZ Bar No. 016742
        601 D Street, N.W.
        Washington, D.C. 20530
        (602) 514-7500
        jacqueline.schesnol@usdoj.gov

        */s/ Eric Boylan*
        ERIC W. BOYLAN
        Assistant United States Attorney
        Texas Bar No. 24105519
        601 D Street N.W.
        Washington, DC  20002
        (202) 815-8608
        eric.boylan@usdoj.gov