Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:   (208) 331-5525

Attorneys for Defendant
YVONNE ST CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:22-cr-00185-JDB |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO PRECLUDE |
| | ) | THE GOVERNMENT FROM |
| vs. | ) | INTRODUCING IMPROPER |
| | ) | EVIDENCE AND TESTIMONY |
| YVONNE ST CYR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Ms. St Cyr moves this Court to preclude the government from introducing improper evidence and testimony through law enforcement witnesses. Based on the governments disclosed exhibits and witnesses she is asking the Court to preclude undisclosed expert police testimony based on Sergeant Riley's specialized training in defensive tactics, and improper police testimony usurping the jury's role as fact finder.[1]

---

[1] These arguments apply equally to any other MPD or law enforcement witness testimony at trial.

## Argument

The Court enjoys broad discretion to grant motions in limine to exclude anticipated irrelevant or prejudicial evidence. *See Luce v. United States*, 469 U.S. 38, 41 (1984). "Motions in limine are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Herbert v. Architect of Capitol*, 920 F. Supp. 2d 33, 37 (D.D.C. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)).

The government has disclosed Sergeant Riley with the Metropolitan Police Department (MPD) as one of its witnesses for Ms. St Cyr's trial. Sergeant Riley did not have direct interaction with Ms. St Cyr on January 6th and does not have personal knowledge of her actions at the Capitol that day.  While he was present, he never personally observed Ms. St Cyr and should not be allowed to provide speculative testimony about his after-the-fact observations of her behavior based on his review of other officer's body worn camera videos from that day.  Similarly, he should not be permitted to provide expert opinion testimony based on his specialized training as a tactical instructor with MPD.

Sergeant Riley has specialized training and is an instructor in "defensive tactics" with MPD. However, the government has not noticed Sergeant Riley as an expert and has not provided the requisite disclosures for expert testimony under Federal Rule of Criminal Procedure 16(a)(1)(G). Consequently, this Court should preclude any testimony that veers outside the permissible limits of rule 701.

Federal Rule of Evidence 701 and 702 governs the determination between lay and expert testimony.  Testimony is only lay if it is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Courts should be particularly mindful of the foundational requirements in rule 702 when the lay testimony is being provided by a "law enforcement witness . . . because of the risk that the jury will defer to the officer's superior knowledge of the case and past experiences with similar crimes." *United States v. Hampton*, 718 F.3d 978, 981-82 (D.C. Cir. 2013).

These limitations on police testimony are especially important here because Sergeant Riley did not have direct interaction with Ms. St Cyr on January 6th, 2021. Presumably he will provide general overview testimony about his experience at the Capitol on January 6th as well as his observations.  However, many of his disclosed reports involve statements about police tactical decisions, potential and speculative use of police force, and speculation about tactics used by the "rioters" outside the Capitol.  Ms. St Cyr requests this Court limit Sergeant Riley's testimony to proper lay witness testimony under Rule 701 and prevent impermissible speculation about tactics used by the crowd and police.

Sergeant Riley's specialized training is certainly relevant to the events on January 6th – making it even more critical the Court limit his testimony to his own observations and not allow him to testify as an undisclosed and uncertified expert witness.  Specifically, he teaches other officers how to "identify the proper fundamentals, principles, and techniques used in the handling of mass arrest during

mass demonstrations."[2]  He also has experience teaching "the need for and use of chemical/less than lethal munitions" and the tactics for using them.  Finally, he is certified in the use of force and the "use of force continuum."  These areas are outside the scope of lay testimony and instead fall squarely within the bounds of FRE 702.  Consequently, this Court should prevent the government from eliciting this testimony at trial.

Similarly, the government should be precluded from eliciting improper narrative testimony about police body worn camera video of Ms. St Cyr.  Because Sergeant Riley did not directly interact with her, he has only reviewed the body camera video of her captured by other officers on January 6th.  The jury is the judge of the evidence in this case, and they alone are tasked with making factual determinations.  Officers should not be allowed to offer opinions about what they watched in video and "simply dress up argument as evidence . . . effectively usurping the jury's role as fact-finder." *United States v. Jackson*, 849 F.3d 540, 554 (3d Cir. 2017).  The evidence – especially video evidence – speaks for itself.  It is up to the jury to make the determination as to what the video shows and what conclusions can be made from viewing the evidence. *United States v. Lacerda*, 958 F.3d 196, 208 (3d Cir. 2020) ("overview testimony that opines on ultimate issues of guilt, makes assertions of fact outside of the officer's personal knowledge . . . . is inadmissible."); *United States*

---

[2] https://www.excelsior.edu/wp-content/uploads/2019/01/Washington-DC-Metropolitan-Police-Department.pdf

*v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013) (describing testimony as "spoon-fe[eding] . . . the government's theory of the case to the jury).

Based on these reasons, this Court should preclude the government from eliciting undisclosed and improper expert witness testimony. Similarly, the Court should ensure that testimony is based on personal observations, not speculative, and leave the fact-finding function to the jury.

Dated: March 5, 2023          Respectfully submitted,
NICOLE OWENS
FEDERAL PUBLIC DEFENDER
By:


/s/ Nicole Owens
Nicole Owens
Federal Defender Services of Idaho
Attorneys for Defendant
YVONNE ST CYR

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 5th day of March, 2023.

Jacqueline Schesnol, Assistant United States Attorney
Capitol Riot Detailee                              ____United States Mail
Two Renaissance Square                             ____Hand Delivery
40 N. Central Ave., Suite 1800                     ____Facsimile Transmission
Phoenix, AZ 85004-4449                             _X_ CM/ECF Filing
(602) 514-7500                                     ____Email Transmission
jacqueline.schesnol@usdoj.gov


Dated: March 5, 2023                 /s/ Joy Fish
                                     Joy Fish