UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 22-cr-185 (JDB) |
| v. | : | |
| | : | |
| YVONNE ST CYR, | : | |
| | : | |
| Defendant. | : | |

# GOVERNMENT'S PROPOSED JURY INSTRUCTION[1]

**Theory of Liability**

1. Aiding and Abetting, Redbook 3.200

*Aiding and Abetting*[2]

You may find **YVONNE ST CYR** guilty of the crime charged in Counts One and Two without finding that she personally committed each of the acts that make up the crime or that she was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime or acts intending to facilitate the commission of a crime by another, can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something she wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by **YVONNE ST CYR** at the place and time the crime is committed is not by itself sufficient to establish his guilt. However, mere physical presence is enough if it is intended to help in the commission of the crime. It is not necessary that you find that **YVONNE ST CYR** was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the

---

[1] The government inadvertently neglected to include a proposed Aiding and Abetting jury instruction.
[2] *United States v. Gillespie*, No. 22-cr-60 (BAH) (ECF 62 at 12-13); *United States v. Herrera*, No. 21-cr-619 (BAH) (ECF 65 at 7-8).

principal offender and the person alleged to be the aider and abettor directly communicated with each other.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        United States Attorney
                        DC Bar No. 481052

By:    */s/ Jacqueline Schesnol*
        Jacqueline Schesnol
        Assistant United States Attorney
        AZ Bar No. 016742
        Capitol Riot Detailee
        40 N. Central Ave., Suite 1800
        Phoenix, AZ 85004-4449
        (602) 514-7500
        jacqueline.schesnol@usdoj.gov

        */s/ Eric Boylan*
        ERIC W. BOYLAN
        Assistant United States Attorney
        Texas Bar No. 24105519
        601 D Street N.W.
        Washington, DC  20002
        (202) 815-8608
        eric.boylan@usdoj.gov