Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:   (208) 331-5525

Attorneys for Defendant
YVONNE ST CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:22-cr-00185-JDB |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| YVONNE ST CYR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENSE PROPOSED JURY INSTRUCTIONS**

      Ms. St Cyr, through counsel, respectfully moves this Court to permit these jury instructions to be filed in the above case.

DEFENSE PROPOSED INSTRUCTION No. 1

**Elements of the Offense 18 U.S.C. §231(a)(3) and (2) (Civil Disorder)**

Count One of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer at a barricade on the West Plaza of the United States Capitol, who was lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.[1]

To find a defendant guilty of this offense, it is necessary that the government establish beyond a reasonable doubt each and all the following essential elements:[2]

1. First, a civil disorder - as I will define civil order, not common language - existed at the time of the alleged violation.

2. Second, that such civil disorder was resulting in interference with a federally protected function and obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce.

3. Third, that an actual, specific, identifiable law enforcement officer was lawfully engaged in the lawful performance of their official duty's incident

---

[1] The language of the count mirrors the indictment. *United States v. Lemire*, 720 F.2d 1327, 1344 (D.C. Cir. 1983) (citations omitted), cert. denied, 467 U.S. 1226 (1984). ("A substantial deviation of instructions from an indictment is impermissible because first it requires a defendant to answer a criminal charge that was not brought by a grand jury . . . and second it denies the defendant sufficient notice to prepare and present an adequate defense.").

[2] *See United States v. Casper*, 541 F.2d 1275, 1276 (8th Cir. 1976); *United States v. Jaramillo*, 380 F. Supp. 1375, 1376 (D. Neb. 1974); *United States v. McArthur*, 419 F. Supp. 186, 190 (D.N.D. 1975); *United States v. Banks-Means*, 383 F. Supp. 368 (D.S.D. 1974); *United States v. Red Feather*, 392 F. Supp. 916 (D.S.D.1975).

    to and during the commission of such civil disorder.

4. Fourth, that Ms. St Cyr committed, or attempted to commit, any act for the intended purpose of obstructing, impeding, and interfering, in a violent manner with such law enforcement officer.

5. Fifth, that such act or attempt to act was done willfully and knowingly.

<u>Definitions</u>

To act "knowingly" means the defendant realized what she was doing, and was aware of the nature of her conduct, and did not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "willfully" means the defendant acted with an evil-meaning mind, that is to say, she acted intentionally and purposely and with the intent to do something the law forbids.[3] The person need not be aware of the specific law or rule that her conduct may be violating. But she must act with the intent to do something that the law forbids.

A "civil disorder" is defined as any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual.

The term "commerce" means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) wholly within the District of Columbia.

---

[3] *Bryan v. United States*, 524 U.S. 184, 193 (1998).

Proposed Jury Instructions                 -3-

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof; and such term shall specifically include, but not be limited to, the collection and distribution of the United States mails. It does not include Congress's certification of the Electoral College vote.[4]

---

[4] *United States v. Nordean*, 579 F. Supp. 3d 28, 55 (D.D.C. 2021).

## DEFENSE PROPOSED INSTRUCTION No. 2

**Elements of the Offense 18 U.S.C. §231(a)(3) and (2) (Civil Disorder)**

Count Two of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, and interfere with a law enforcement officer in the Lower West Terrace tunnel, who was lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

The elements are the same as in Count One and must be proven beyond a reasonable doubt.

### Attempt

In Counts One and Two, Ms. St Cyr is alternatively charged with attempt to commit the crime of civil disorder. In order to find her guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

1. The defendant intended to commit the crime of civil disorder, as I have defined that offense above; and

2. The defendant took a substantial step toward committing civil disorder.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit civil disorder merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to

actually intending to commit it. With respect to the "substantial step" element, you may not find the defendant guilty of attempt to commit civil disorder merely because she made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish herintent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last step necessary to complete the crime.

## DEFENSE PROPOSED INSTRUCTION No. 3

**Elements of Count Two- 18 U.S.C. §1752(a)(1)-Entering and Remaining in a Restricted Building or Grounds**

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so;

2. Second, that the defendant did so knowingly, meaning he knew that the building or grounds was restricted and he knew he lacked lawful authority to enter or remain there.[5]

### Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.[6]

The term "knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[5] *Reffitt*, ECF No. 119 at 30.
[6] *United States v. Dustin Thompson*, 21-cr-161 (RBW), Final Jury Instructions, ECF No. 83 at 31.

Proposed Jury Instructions    -7-

## DEFENSE PROPOSED INSTRUCTION No. 4

**Elements of Count Three- 18 U.S.C. §1752(a)(2)-Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

Count Four of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct;

2. Second, that the defendant did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. Third, that the defendant's conduct was in a restricted building or grounds; and

4. Fourth, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[7]

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.[8]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the

---

[7] *Id.* at 33.
[8] *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.

Proposed Jury Instructions -8-

normal course of a process.[9]

---

[9] *Id.* at 34.

## DEFENSE PROPOSED INSTRUCTION No. 5

**Elements of Count Five- 40 U.S.C. §5104(e)(2)(D)-Disorderly Conduct in a Capitol Building**

Count Five of the Indictment charges the defendant with Disorderly Conduct in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in the United States Capitol Buildings;

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. Third, that the defendant acted willfully and knowingly.[10]

<u>Definitions</u>

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

The term "willfully" has the same meaning described in the instructions for Count One defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[10] *Robertson*, ECF No. 86 at 25.

Proposed Jury Instructions                -10-

# DEFENSE PROPOSED INSTRUCTION NO. 6

## Elements of Count Six- 40 U.S.C. §5104(e)(2)(G)-Parading, Demonstrating, or Picketing in a Capitol Building

Count Six of the Indictment charges the defendant with Parading, Demonstrating, or Picketing in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant was inside the United States Capitol Building;
2. Second, that the defendant paraded, demonstrated, or picketed; and
3. Third, that the defendant acted willfully and knowingly.[11]

Definitions

The terms "parade" and "picket" have the ordinary meanings of what amounts to parading and picketing. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[12]

The term "willfully" has the same meaning described in the instructions for Count One defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[11] *Thompson*, ECF No. 83 at 39.
[12] *Id.*

Proposed Jury Instructions             -11-

## DEFENSE PROPOSED INSTRUCTION NO. 7

**Mere Presence**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.[13]

---

[13] 1A Fed. Jury Prac. & Instr. § 16:09 (6th ed.), February 2023 Update. *See e.g.*, *United States v. Allred*, 867 F.2d 856, 859 (5th Cir.1989); *United States v. Acevedo*, 842 F.2d 502, 507 (1st Cir.1988); and *United States v. Natel*, 812 F.2d 937, 940–941 (5th Cir.1987), and in aiding and abetting cases. *See e.g.*, *United States v. Acevedo*, 842 F.2d 502, 507 (1st Cir.1988); and *United States v. Love*, 767 F.2d 1052, 1059 n. 8 (4th Cir.1985), cert. denied, 474 U.S. 1081, 106 S.Ct. 848, 88 L.Ed.2d 890 (1986). It is sometimes given in other contexts. *See e.g.*, *Government of the Canal Zone v. Castillo*, 568 F.2d 405, 410 (5th Cir.), cert. denied, 436 U.S. 910, 98 S.Ct. 2248, 56 L.Ed.2d 410 (1978). While mere presence at the scene of a crime or close association with another who is involved in a crime is not sufficient in itself to support a conviction, such presence or association is a factor which the jury may consider along with other evidence in reaching its verdict. *United States v. Natel*, 812 F.2d 937, 940–941 (5th Cir.1987). *See generally*, LaFave, W. R., Criminal Law § 6.7 (4th Ed. 2003).

Dated: March 9, 2023

Respectfully submitted,
NICOLE OWENS
FEDERAL PUBLIC DEFENDER
By:

/s/ Nicole Owens
Nicole Owens
Federal Defender Services of Idaho
Attorneys for Defendant
YVONNE ST CYR

## CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document was served on all parties named below on this 9th day of March, 2023.

| | |
|---|---|
| Jacqueline Schesnol, Assistant United States Attorney | |
| Capitol Riot Detailee | ____United States Mail |
| Two Renaissance Square | ____Hand Delivery |
| 40 N. Central Ave., Suite 1800 | ____Facsimile Transmission |
| Phoenix, AZ 85004-4449 | _X_ CM/ECF Filing |
| (602) 514-7500 | ____Email Transmission |
| jacqueline.schesnol@usdoj.gov | |

Dated: March 9, 2023            /s/ Joy Fish
                                 Joy Fish