## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Criminal Action No. 22-185 (JDB)

YVONNE ST. CYR,

**Defendant.**

## FINAL JURY INSTRUCTIONS

1

## PREAMBLE

Ladies and Gentlemen, the time has now come when all the evidence is in and you have heard the closing arguments of the lawyers.  It is now up to me to instruct you on the law that will control your deliberations in this case.  My instructions will be roughly divided into four parts.  First, I will talk with you about some general principles of the law.  Second, I will instruct you on evaluating the evidence.  Third, I will discuss with you instructions that apply to the elements of the particular offenses charged in this case.  Finally, I will have some closing remarks about your deliberations in this matter.

For those of you taking notes, I want to let you know that a written copy of these instructions will be available for you as you start your deliberations.

Let me begin with some general principles.  First, I am sure you understand by now that the jury and the court—you and I—have quite different responsibilities in a trial.

## **GENERAL INSTRUCTIONS**

**Instruction 2.101**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case. It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.102**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to evidence is different from your own memory of the evidence, it is your recollection that should control during your deliberations.

**<u>EVAULATING THE EVIDENCE</u>**

**Instruction 2.104**

**EVIDENCE IN THE CASE – STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, and any facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed to—certain facts. Any stipulation of fact is undisputed evidence, and you should consider it to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Instruction 2.105**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106**

## INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Ms. St. Cyr's guilt or draw any inference of guilt from it.

**Instruction 2.112**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction 2.107**

**BURDEN OF PROOF – PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with Ms. St. Cyr throughout the trial unless and until the government has proven she is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require Ms. St. Cyr to prove her innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Ms. St. Cyr is charged, it is your duty to find her guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Ms. St. Cyr not guilty of that offense.

## Instruction 2.108

## REASONABLE DOUBT

The government has the burden of proving a defendant guilty beyond a reasonable doubt as to each count or charge against her. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true, which we call the preponderance of the evidence. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Ms. St. Cyr's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that Ms. St. Cyr is guilty of the crime charged, you must find her guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give her the benefit of the doubt and find her not guilty.

**Instruction 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence that it had snowed.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all the evidence presented, both direct and circumstantial.

**Instruction 2.200**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against Ms. St. Cyr beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed. In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.

You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207**

**LAW ENFORCEMENT OFFICER'S TESTIMONY**

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

### Instruction 2.209

### DEFENDANT AS A WITNESS

A defendant has a right to become a witness in her own behalf.  Her testimony should not be disbelieved merely because she is a defendant.  In evaluating her testimony, however, you may consider the fact that Ms. St. Cyr has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give Ms. St. Cyr's testimony such weight as in your judgment it deserves.

**Instruction 2.111**

**NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

**Instruction 2.110**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## PREPARATION OF WITNESSES

You may have heard testimony about witnesses meeting with attorneys or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

## THE CHARGED OFFENSES

## THE SPECIFIC OFFENSES

I will now instruct you on the specific offenses charged in the indictment. The indictment in this case contains six counts:

1. Civil Disorder, Attempted Civil Disorder, and Aiding and Abetting, on the West Plaza of the United States Capitol;

2. Civil Disorder, Attempted Civil Disorder, and Aiding and Abetting, in the Lower West Terrace tunnel;

3. Entering and Remaining in a Restricted Building or Grounds;

4. Disorderly and Disruptive Conduct in a Restricted Building or Grounds;

5. Disorderly Conduct in a Capitol Building; and

6. Parading, Demonstrating, or Picketing in a Capitol Building.

## COUNTS ONE AND TWO: CIVIL DISORDER

## 18 U.S.C. §§ 231(a)(3), 2

Count One of the indictment charges Ms. St. Cyr with civil disorder on the West Plaza of the United States Capitol, and also charges her with attempting to commit the offense of civil disorder, and aiding and abetting others to commit that offense.  Count Two of the indictment charges Ms. St. Cyr with civil disorder in the Lower West Terrace tunnel, and also charges her with attempting to commit the offense of civil disorder, and aiding and abetting others to commit that offense.  The Court will first explain the elements of the substantive offenses, along with associated definitions.  Then, the Court will explain how to determine whether Ms. St. Cyr attempted the offense and whether she aided and abetted the offense.

Elements

In order to find Ms. St. Cyr guilty of civil disorder, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, Ms. St. Cyr knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with law enforcement officers.

Second, at the time of Ms. St. Cyr's actual act, law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Definitions

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.  In deciding whether Ms.

24

St. Cyr acted knowingly, you may consider all the evidence, including what Ms. St. Cyr did or said.

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments. The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

The term "law enforcement officer" means any officer or employee of the United States or the District of Columbia while engaged in the enforcement or prosecution of any criminal laws of the United States or the District of Columbia.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties" includes policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

<u>Attempt</u>

In Counts One and Two, Ms. St. Cyr is alternatively charged with attempt to commit the crime of civil disorder. Attempting to commit this offense is not a separate offense but an alternative way in which the government alleges that Ms. St. Cyr committed this same offense in Counts One and Two.  In order to find Ms. St. Cyr guilty of attempt to commit civil disorder, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, Ms. St. Cyr intended to commit the crime of civil disorder, as I have defined that offense above.

Second, Ms. St. Cyr took a substantial step toward committing civil disorder which strongly corroborates or confirms that she intended to commit that crime.

With respect to the first element of attempt, you may not find Ms. St. Cyr guilty of attempt to commit civil disorder merely because she thought about it. You must find that the evidence proved beyond a reasonable doubt that Ms. St. Cyr's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find Ms. St. Cyr guilty of attempt to commit civil disorder merely because she made some plans to or some preparation for committing that crime. Instead, you must find that Ms. St. Cyr took some firm, clear, undeniable action to accomplish her intent to commit civil disorder. However, the substantial step element does not require the government to prove that Ms. St. Cyr did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that Ms. St. Cyr aided and abetted others in committing civil disorder as charged in Counts One and Two. Aiding and abetting others in committing this offense is not a separate offense but an alternative way in which the government alleges that Ms. St. Cyr committed this same offense in Counts One and Two. A person may be guilty of an offense if she aided and abetted another person in committing the offense. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that Ms. St. Cyr knowingly and intentionally aided and abetted that person in committing the crime.

In order to find Ms. St. Cyr guilty of civil disorder because she aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, others committed civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, Ms. St. Cyr knew that civil disorder was going to be committed or was being committed by others.

Third, Ms. St. Cyr performed an act or acts in furtherance of the offense.

Fourth, Ms. St. Cyr knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of civil disorder.

Fifth, Ms. St. Cyr did that act or acts with the intent that others commit the offense of civil disorder.

To show that Ms. St. Cyr performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by Ms. St. Cyr which at least

encouraged others to commit the offense. That is, you must find that Ms. St. Cyr's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense; it is enough if Ms. St. Cyr's act or acts aid, assist, facilitate, or encourage only one or some parts or phases of the offense.

In deciding whether Ms. St. Cyr had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including Ms. St. Cyr's words and actions and other facts and circumstances. However, evidence that Ms. St. Cyr merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find Ms. St. Cyr guilty as an aider and abetter. If the evidence shows that she knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Ms. St. Cyr's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate herself with the offense, you may not find Ms. St. Cyr guilty of civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that Ms. St. Cyr in some way participated in the offense committed by others as something she wished to bring about and to make succeed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

## COUNT THREE: ENTERING AND REMAINING IN A RESTRICTED BUILDING OR GROUNDS

### 18 U.S.C. § 1752(a)(1)

Count Three of the indictment charges Ms. St. Cyr with entering and remaining in a restricted building or grounds.

<u>Elements</u>

In order to find Ms. St. Cyr guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, Ms. St. Cyr entered or remained in a restricted building or grounds without lawful authority to do so.

Second, Ms. St. Cyr did so knowingly, meaning she knew that the building or grounds was restricted and she knew she lacked lawful authority to enter or remain there.

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning as in the instructions for Counts One and Two.

## COUNT FOUR: DISORDERLY AND DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS

### 18 U.S.C. § 1752(a)(2)

Count Four of the indictment charges Ms. St. Cyr with disorderly and disruptive conduct in a restricted building or grounds.

<u>Elements</u>

In order to find Ms. St. Cyr guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, Ms. St. Cyr engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, Ms. St. Cyr did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, Ms. St. Cyr's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in a manner that causes another individual to be in reasonable fear that some harm to their person or property is likely, uses words or takes action likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building or grounds" has the same meaning as in the instructions for Count Three.

30

The term "knowingly" has the same meaning as in the instructions for Counts One and Two.

## COUNT FIVE: DISORDERLY CONDUCT IN A CAPITOL BUILDING
### 40 U.S.C. § 5104(e)(2)(D)

Count Five of the indictment charges Ms. St. Cyr with disorderly conduct in a Capitol Building.

### Elements

In order to find Ms. St. Cyr guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, Ms. St. Cyr engaged in disorderly or disruptive conduct in any United States Capitol Building.

Second, Ms. St. Cyr did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, Ms. St. Cyr acted willfully and knowingly.

### Definitions

The term "United States Capitol Building" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning as in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. An act is not done willfully if it is done as a result of mistake, carelessness, lack of an evil purpose or motive, or some other innocent reason. "Willfully" does not, however, require proof that Ms. St. Cyr was aware of the specific law or rule that her conduct may be violating.

The term "knowingly" has the same meaning as in the instructions for Counts One and Two.

## COUNT SIX: PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING

### 40 U.S.C. § 5104(e)(2)(G)

Count Six of the indictment charges Ms. St. Cyr with parading, demonstrating, or picketing in a Capitol Building.

<u>Elements</u>

In order to find Ms. St. Cyr guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, Ms. St. Cyr paraded, demonstrated, or picketed in any United States Capitol Building.

Second, Ms. St. Cyr acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" has its ordinary meaning, and includes conduct that would disrupt the orderly business of Congress.

The term "United States Capitol Building" has the same meaning as in the instructions for Count Five.

The term "knowingly" has the same meaning as in the instructions for Counts One and Two.

The term "willfully" has the same meaning as in the instructions for Count Five.

34

## CONSIDER ONLY OFFENSES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the offenses charged. The defendant is not on trial for any act, conduct, or offense not charged in the Indictment. It is not up to you to decide whether anyone other than the defendant should be prosecuted for any of the offenses charged. The fact that another person also may be guilty is no defense to a criminal charge. The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the offenses charged.

**Instruction 2.402**

## MULTIPLE COUNTS, ONE DEFENDANT

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find Ms. St. Cyr guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**Instruction 2.402**

**MULTIPLE COUNTS, ONE DEFENDANT**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find Ms. St. Cyr guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

## Instruction 3.101

## PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by Ms. St. Cyr, and all other facts and circumstances received in evidence which indicate her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Ms. St. Cyr acted with the necessary state of mind.

While a defendant must act with the requisite intent for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

## **CLOSING REMARKS**

**Instruction 2.502**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.405**

**UNANIMITY—GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction 2.500**

**REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted into evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted. Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted. Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.

**Instruction 2.501**

**EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction 2.505**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of Ms. St. Cyr in the event of conviction is not a concern of yours and should not enter into or influence your deliberations in any way.

The duty of imposing sentence in the event of conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.509**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk, the marshal or me – how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.100**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the instructions to me when your verdict is rendered.

**Instruction 1.02**

**NOTETAKING BY JURORS**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. We will destroy your notes immediately after the trial. No one, including myself, will look at them.

**Instruction No. 2.407**

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the essential elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

The form has some space for entries of your verdict on each count charged. You should record your verdict on that form only after you have reached a unanimous verdict. It should then be signed and dated by the foreperson.

**Instruction 2.510**

**ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.508**

## CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATIONS, AND RESEARCH

As I've instructed you previously, in some cases, although not necessarily this one, there may be reports in the newspaper, radio, television, or internet concerning the case while deliberations are going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not listen to or read such reports, and you must decide this case solely on the evidence presented in this courtroom. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

You must consider only evidence that meets certain standards in reaching your verdict.

For example, witnesses must be sworn to tell the truth and must be subject to cross-examination. News reports about this case are not subject to these standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case, and to which the other side is unable to respond. Therefore, you must completely disregard any press, television, radio, or internet reports that you may read, see, or hear. Such reports are not evidence and you should not be influenced in any manner whatever by such publicity. If any publicity about this trial inadvertently comes to your attention during your deliberations, do not discuss it with other jurors or anyone else. Just let me or the clerk or marshal know as soon after it happens as you can. I will then briefly discuss it with you to make sure it does not present any problems.

In fairness to both sides, it is essential that you comply with this instruction.

## Instruction 2.511

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy sand attentive, I can now excuse those jurors in seats **six and ten.**

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury lounge to turn in your badge on your way out.

### RETURNING VERDICT AND POSSIBILITY OF A POLL

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Don't tell me what your verdict is, and do not send your verdict form out. I will find out your verdict by asking your foreperson to provide the verdict form and state the verdict in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced by your foreperson.

Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat. If you disagree in any way you should simply say "no." Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

Ladies and Gentlemen, at this time you may retire to begin your deliberations.