Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:    (208) 331-5525

Attorneys for Defendant
YVONNE ST CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | ) | No. 1:22-cr-00185-JDB |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| YVONNE ST CYR, | ) | |
| Defendant. | ) | |

**<u>MOTION FOR RELEASE PENDING APPEAL</u>**

Yvonne St Cyr respectfully asks for release pending appeal and stay of execution of her sentence. She meets the three requirements of the statute governing release pending appeal, 18 U.S.C. § 3143(b), because she:

- Presents clear and convincing evidence that her release pending appeal would pose neither a risk of flight nor a community danger;

- Shows that her appeal presents substantial questions of law likely to result in a new trial; and

- Certifies that the appeal is not for purposes of delay.[1]

---

[1] Ms. St Cyr is not bound by the so-called "mandatory detention" provision of 18 U.S.C. § 3143(b)(2) because her offenses do not meet the requirements of that provision.

Motion for Release Pending Appeal         -1-

Only the second requirement is at issue. In this district, a "substantial question" is a "close" question or "one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Ms. St Cyr's request for a change of venue is one of those close questions because the hostility of the venue community was so severe that it gave rise to a prejudiced jury pool. *See Skilling v. United States*, 561 U.S. 358, 378 (2010). Ms. St Cyr's jury pool was presumptively and actually biased due to the media coverage and public uproar surrounding the events of January 6. Her appeal presents a substantial question that is "likely to result in . . . a new trial" because "the claimed error" is not "harmless or unprejudicial." *United States v. Bayko*, 774 F.2d 516, 522–23 (1st Cir. 1985).

Ms. St Cyr's appeal regarding improper venue meets the forgiving standard of 18 U.S.C. § 3143(b), and thus she should be released pending appeal.

## BACKGROUND

Following a jury trial, Ms. St Cyr was convicted on March 10, 2023. Her offenses include: of two counts of Civil Disorder and Aiding and Abetting, 18 U.S.C. § 231 (a)(3) and (2); one count of Entering and Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); one count of Disorderly Conduct in a Capitol Building, 40 U.S.C. § 5104(e)(2)(D); and one count of Parading, Demonstrating, or Picketing in a Capitol Building, 40 U.S.C. § 5104(e)(2)(G).

On September 13, 2023, the Court sentenced Ms. St Cyr to 30 months of imprisonment as to Counts 1 and 2; 12 months as to Counts 3 and 4; and 6 months

as to Counts 5 and 6 to run concurrently. This term of imprisonment is to be followed by 36 months of supervised release as to Counts 1 and 2, and a 12-month term as to Counts 3 and 4. Ms. St Cyr filed a timely notice of appeal.[2]

## LEGAL STANDARD

Under 18 U.S.C. § 3143(b)(1), a court "shall order release" pending appeal if it finds:

> (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
>     (i)    reversal,
>
>     (ii)    an order for a new trial,
>
>     (iii)    a sentence that does not include a term in imprisonment, or
>
>     (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). *See also* Fed. R. Crim. P. 46(c) ("Release from Custody"); D.C. Cir. R. 9(b) ("Release After Judgment of Conviction").

At first blush, § 3143(b)(1) sets forth what looks like a demanding standard—akin to showing a likelihood of success on the merits. Not so. Instead, an appeal satisfies § 3143(b)(1) as long as 1) it raises a "fairly debatable" question and 2) "reversal is likely" "*if* error is found." *United States v. Handy*, 761 F.2d 1279, 1284

---

[2] As of the date of filing, the Court of Appeals has not ordered a briefing schedule and Ms. St Cyr does not have a self-report date for her sentence.

(9th Cir. 1985) (emphasis added). A defendant need not persuade a district judge that he is probably going to prevail. Instead, the defendant need only show that his appeal "poses issues debatable among jurists of reason" and that "*if* that substantial question is determined favorably to [the] defendant on appeal, that decision is likely to result in . . . an order for a new trial." *Id.* at 1282-83 (quotations omitted) (emphasis added).

In this district, a "substantial question" is a "close" question or "one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (citing *United States v. Bayko*, 774 F.2d 516, 522–23 (1st Cir. 1985); *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985); *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). The likelihood of a new trial "is a requirement that the claimed error not be harmless or unprejudicial." *Bayko*, 774 F.2d at 523.

In short, 18 U.S.C. § 3143(b) does not require that the Court find that it will reverse the district court before it may grant release pending appeal. *Bayko*, 774 F.2d at 522–23. *Accord Miller*, 753 F.2d at 23. *See also United States v. Kayode*, No. 00-3044, 2000 WL 1093237 (D.C. Cir. June 2, 2000) (granting motion for release pending appeal of judgment ultimately affirmed in 254 F.3d 204 (D.C. Cir. 2001)). Rather, the Court is to "evaluate the difficulty of the question" on appeal and grant release pending appeal if it determines that the question is a close one that may very well be decided in the defendant's favor. *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir. 1986).

//

//

# ARGUMENT

I. **Courts have already held that Ms. St Cyr is neither a flight risk nor a danger to the community.**

Ms. St Cyr clearly and convincingly established that she is neither a flight risk nor a danger to the community when the Court ordered her post-plea, presentence release. *See* 18 U.S.C. § 3143(a)(1) (court may not release defendant post-plea unless it finds clear and convincing evidence that release will pose neither a danger nor a flight risk). Nothing has changed since then to warrant revisiting that decision, and the Court applied the same standard as her current request for release pending appeal. *See id.* at § 3143(b)(1)(A). Ms. St Cyr has continued unblemished conduct on presentence release, incurring no violations of her release conditions or of the law for over two and a half years. She has appeared before the Court in-person as ordered for her jury trial and sentencing hearing. She is involved in her family's life, actively employed, and working with counsel to pursue her appeal.

Given 1) her conduct on pretrial, presentence, and post-sentence release, 2) her low-level, nonviolent criminal record, and 3) the fact that the Court has already found—earlier in this case—that she clearly and convincingly poses neither a danger nor a flight risk, Ms. St Cyr meets this prerequisite for bail pending appeal.

II. **The appeal presents a substantial question of law likely to result in order of a new trial because her trial should have been transferred to an unbiased venue.**

Ms. St Cyr's appeal presents a substantial question of law likely to result in order of a new trial because, among other issues, the district court erred in denying her motion for a change of venue. *See* ECF no. 50. This satisfies the second relevant

criterion for granting release pending appeal. *See* 18 U.S.C. § 3143(b)(1)(B)(ii) (release pending appeal authorized only if the appeal "raises a substantial question of law or fact likely to result in . . . an order for a new trial").

    a.  <u>The hostile jury pool gave rise to a presumption of prejudice.</u>

The hostility of the venue community was so severe that it gave rise to a presumption of juror prejudice. *See Patton v. Yount*, 467 U.S. 1025, 1031 (1984) (distinguishing between presumed venire bias and actual juror bias); *Skilling v. United States*, 561 U.S. 358, 378 (2010). In this case, three concerns lead to a presumptively biased jury pool:

- The *size and characteristics of the jury pool* because the events of January 6 had widespread and traumatizing effects on D.C. residents, many of whom work for (or have friends and family who work for) the federal government and many of whom voted for President Biden;

- The *type of information included in the media coverage* because pervasive pretrial publicity had "inflamed passions in the host community" and "permeat[ed] the trial setting . . . [such] that a defendant cannot possibly receive an impartial trial," *United States v. Quiles-Olivo*, 684 F.3d 177, 182 (1st Cir. 2012), for example seven-in-ten adults said they heard "a lot" about the rioting, and media referred to participants as "insurrectionists," "rioters," "seditionists," "domestic terrorists," "white supremacists," and "criminals"[3]; and

- The *time period between the arrest and trial* because in the two years between January 6 and trial the media reporting remained constant, high profile, and generally negative.

*See Skilling*, 561 U.S. at 378 (listing three factors for presumptively biased jury pool).

---

[3] Pew Research Center, *Views on the Rioting at the US Capitol* (Jan. 15, 2021), https://www.pewresearch.org/politics/2021/01/15/views-on-the-rioting-at-the-u-s-capitol/.

The presumption of prejudice can override juror declarations of impartiality during voir dire because such attestations may be insufficient to protect a defendant's rights in particularly charged cases. *See Murphy v. Fla.*, 421 U.S. 794, 802 (1975) ("Even these indicia of impartiality might be disregarded in a case where the general atmosphere in the community or courtroom is sufficiently inflammatory."); *Irvin v. Dowd*, 366 U.S. 717, 728 (1961) ("No doubt each juror was sincere when he said that he would be fair and impartial to petitioner, but psychological impact requiring such a declaration before one's fellows is often its father."). Indeed, on appeal of a denial of a motion for change of venue, an appellate court need not even examine the voir dire record if it finds that the presumption attached. *See Rideau v. Louisiana*, 373 U.S. 723, 726-27 (1963) ("But we do not hesitate to hold, without pausing to examine a particularized transcript of the voir dire examination of the members of the jury, that due process of law in this case required a [transfer]."). Thus, under this precedent, voir dire was simply not a cure for significant and substantiated Due Process concerns about the jury pool in Ms. St Cyr's case.

  b. <u>In addition to a presumption of prejudice, the jury pool was actually prejudiced.</u>

Beyond the *presumption* of prejudice, Ms. St Cyr's jury pool had *actual* prejudice: her jury pool characterized January 6 participants as "traitors," "terrorists," and, imaginatively, "traitorists." ECF no. 99 at 62; *see Skilling*, 561 U.S. at 385 (discussing "whether actual prejudice infected [defendant's] jury"). These statements show the actual prejudice of the jury pool.

In sum, the issue of appropriate venue satisfies the standard for release on appeal: "jurists of reason" could agree with Ms. St Cyr, and, if they did so, a new trial would likely result. *Handy*, 761 F.2d at 1282-83. Said differently, her appeal raises a substantial question—that is, "a close question or one that very well could be decided the other way," *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987)—that is likely to result in a new trial. *See* 18 U.S.C. § 3143(b)(1)(B)(ii).

### III. The appeal is not for the purpose of delay.

Counsel certifies that Ms. St Cyr's appeal is not for the purpose of delay; the appeal is to obtain reversal of her sentence, a new trial, or a sentence without imprisonment.

Counsel has explained to Ms. St Cyr that if she is released pending appeal and then ultimately loses her appeal, then she will have to surrender to prison to serve the sentence imposed by the Court. Understanding that risk, she has informed counsel that she wishes to be released pending appeal.

### CONCLUSION

The Court is understandably reluctant to grant bail pending appeal in most cases. The interest in finality is strong, and—especially in cases where the appeal concerns discretionary, fact-intensive judgment calls by the Court applying well established law[4]—the Court can often act in confidence that its rulings will withstand appellate challenge.

---

[4] For example, issues like refusal to apply role adjustments or challenges to witness-credibility determinations.

Motion for Release Pending Appeal       -8-

But this case is different. This is not a routine error-correction appeal involving a discretionary judgment call. There is a real chance that this appeal results in a new trial in a different venue, free from juror bias. And given the relatively short length of Ms. St Cyr sentence and her excellent performance on pretrial release, it makes good sense to keep her out of prison as these issues makes their way through the appellate process. And the law calls for that result, too.

Ms. St Cyr's request for release pending appeal should be granted and her sentence of imprisonment should be stayed. *See* Fed. R. Crim. P. 38(b)(1) ("If the defendant is released pending appeal, the court must stay a sentence of imprisonment.").

Dated: September 25, 2023       Respectfully submitted,

                                                          NICOLE OWENS
                                                          FEDERAL PUBLIC DEFENDER
                                                          By:

                                                          /s/ Nicole Owens
                                                          Nicole Owens
                                                          Federal Defender
                                                          Federal Defender Services of Idaho
                                                          Attorneys for Defendant
                                                          YVONNE ST CYR

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho, and that a copy of the foregoing document, MOTION FOR RELEASE PENDING APPEAL, was served on all parties named below on this 27th day of September 2023.

| | |
|---|---|
| Jacqueline Schesnol, Assistant United States Attorney | |
| Capitol Riot Detailee | ____United States Mail |
| Two Renaissance Square | ____Hand Delivery |
| 40 N. Central Ave., Suite 1800 | ____Facsimile Transmission |
| Phoenix, AZ 85004-4449 | _X_CM/ECF Filing |
| (602) 514-7500 | ___ Email Transmission |
| jacqueline.schesnol@usdoj.gov | |

| | |
|---|---|
| Eric Boylan, Assistant United States Attorney | |
| 601 D Street NW | ____United States Mail |
| Washington, DC 20001 | ____Hand Delivery |
| (202) 252-7215 | ___Facsimile Transmission |
| eric.boylan@usdoj.gov | _X_CM/ECF Filing |
| | ___ Email Transmission |

Dated: September 27, 2023     /s/ Joy Fish
                              Joy Fish