UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 22-CR-185-JDB |
| v. | : | |
| | : | |
| YVONNE ST CYR, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION FOR RELEASE PENDING APPEAL**

The United States of America, by and through its counsel, respectfully opposes defendant Yvonne St Cyr's Motion for Release Pending Appeal and Stay of Execution of Sentence, Doc. 124. Following a week-long trial, a jury convicted St Cyr of multiple crimes for her conduct on January 6, 2021, including two felony counts of Civil Disorder and multiple misdemeanor offenses. This Court imposed a sentence that included a term of 30 months' incarceration, which the defendant has not yet begun to serve. Although St Cyr filed a notice of appeal, her motion for release does not raise a substantial question of law and the motion must be denied.

**I.      Background**

On March 10, 2023, a jury convicted St Cyr of six crimes related to her conduct at the U.S. Capitol on January 6, 2021. Those crimes are: two counts of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *See* Min. Entry 03/10/2023. On September 13, 2023, the

1

Court sentenced St Cyr to 30 months' imprisonment in addition to a substantial fine and three years of supervised release. Doc. 119. St Cyr timely noticed her appeal. Doc. 121.

On September 27, 2023, St Cyr filed her Motion for Release Pending Appeal and Stay of Execution of Sentence, Doc. 124. The motion claims that a single "substantial question" supports her release: according to the defendant, this Court's denial of her pretrial motion to transfer venue was legal error. *Id.* at 5-8.

St Cyr is incorrect. The Court properly denied her motion to transfer, the defendant does not raise a substantial question of law on appeal, and thus, her motion for release from detention must be denied.

## II.      Applicable Legal Principles

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" "shall . . . be detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a reversal [or] an order for a new trial." 18 U.S.C. § 3143(b)(1)(B)(i)-(ii). Section 3143(b) "requires a two-part inquiry: (1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [a reduced sentence]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987); *see also United States v. Rivera*, No. 3088, 2023 WL 1484683 (D.C. Cir. Jan. 30, 2023) (*per curiam* order denying a stay of sentence for a Capitol riot defendant who failed to show his appeal presented substantial questions of law or fact likely to result in reversal, a new trial, a sentence that did not include a term of imprisonment, or a reduced sentence

to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process) (citing 18 U.S.C. § 3143(b)(1)(B) and *Perholtz*).

A "substantial question" is "a close question or one that very well could be decided the other way." *Id.* at 555-56. The standard is "more demanding" than one that merely requires the issue to be "fairly debatable" or "not frivolous." *United States v. Libby*, 496 F. Supp. 2d 1, 4 (D.D.C. 2007).

In *Perholtz*, the D.C. Circuit denied a defendant's bail motion based on his claim that the then-recent Supreme Court decision in *United States v. McNally*, 483 U.S. 350 (1987), invalidating the "intangible rights" theory of mail fraud prosecution, created a "substantial question" on appeal from the defendants' mail fraud convictions. In deciding the issue, the D.C. Circuit noted that although the defendant's claims were not "frivolous, we do not find that it raises a close question." *Id.* at 561. Under the *Perholtz* standard, even a case that presents novel issues does not necessarily present a substantial question. *See Libby*, 498 F. Supp. 21 at 15-21 (holding whether a district court should have applied different factors as to the intersection between special counsel and the appointments clause did not present a close question).

**III.    Argument**

St Cyr's motion seeks her release pending the appeal of only one issue: the Court's denial of her change-of-venue motion. But nothing about that question is "close." *Libby*, 496 F. Supp. 2d at 4. Motions to change venue have repeatedly been brought and denied in scores of January 6 cases, and for good reason—they lack merit. St Cyr's motion therefore does not raise a substantial question of law and it must be denied.

**A. The Court correctly denied the Defendant's motion for change of venue.**

In denying St Cyr's motion to transfer, the Court properly applied the factors described in *Skilling v. United States*, which provides that a transfer should only occur in the extreme circumstances where "extraordinary" local prejudice would prevent a fair trial. 561 U.S. 358, 378 (2010). Courts look to three relevant factors to determine whether a presumption of local prejudice requires transfer: "(1) the size and characteristics of the jury pool; (2) the type of information included in the media coverage; and (3) the time period between the arrest and trial, as it relates to the attenuation of the media coverage." *Skilling*, 561 U.S. at 382–84. The Court correctly ruled that none apply here. *See United States v. Sheppard*, Crim. A. No. 21-203 (JDB), 2022 WL 17978837 at *6-*7 (D.D.C. Dec. 28, 2022) *adopted by* Doc. 63.[1]

First, the Court looked to Washington D.C.'s more than 600,000 residents and diversity of characteristics in deciding that the district's jury pool is not particularly prejudicial. *Id.* at *6. As the Supreme Court has noted, a district's having more than 600,000 residents leads to a "reduced likelihood of prejudice." *Id.* (citing *Skilling*, 561 U.S. at 382). Washington D.C.'s jury pool meets that threshold and the Court properly ruled that its size does not lead to a presumption of prejudice. *Id.*

Second, the Court recognized that the media coverage of the events of January 6 has been neither prejudicial nor localized to Washington, D.C. *Id.* at *7. Because media coverage of January

---

[1] In ruling on St Cyr's venue motion, the Court wholly adopted its ruling on another venue motion from another of its January 6 cases: "Upon review, [St Cyr's] arguments are virtually identical to those the Court rejected in [*United States v. Sheppard*, Crim. A. No. 21-203 (JDB), 2022 WL 17978837 (D.D.C. Dec. 28, 2022)]. Accordingly, the Court adopts its reasoning from that case and will deny St. Cyr's motion for transfer of venue." Doc. 63 at 5. It is telling that the Court recognized (and St Cyr acknowledged in her own motion) that she had not raised any novel or unresolved issues, which further underscores that there is not a close question here.

6 has persisted nationally, and because it has not focused on St Cyr individually, it does not lead to a presumption of prejudice and does not require a transfer in St Cyr's case. *Id.*

Third, the Court looked to the time period between arrest and trial and noted that, although news coverage had persisted between the two time periods, it had not been of a type that would require transfer. *Id.*

In denying St Cyr's transfer motion, the Court also noted that a Washington D.C. jury acquitted every defendant of at least some counts in the highest-profile January 6 case to have gone to trial at that time, *United States v. Rhodes*. Doc. 63 at 12 (citing Min. Entry Nov. 29, 2022, *United States v. Rhodes*, No. 22-CR-15 (APM)). Since the Court ruled on St Cyr's motion, another Washington D.C. jury reached acquittal verdicts on some charges in *United States v. Nordean*, another high-profile, multi-defendant January 6 case held in the district. *See* Min. Entry 05/04/2023, *United States v. Nordean*, 21-CR-175 (TJK). Both cases illustrate Washington D.C. jurors' ability to carefully consider evidence and decide January 6 defendants' guilt or innocence based on individualized decisions, instead of on the bias St Cyr alleges. Therefore, no substantial question arises from the Court's decision to deny St Cyr's motion to transfer.

**B. Courts in this district have repeatedly denied motions for change of venue in January 6 cases, illustrating the lack of a "close" question here.**

As noted in the government's response to the defendant's motion for change of venue, and in the Court's order denying her motion, every judge in this district to have ruled on a motion for change of venue in a January 6 prosecution has denied the motion. Doc. 53 at 1, Doc. 63 at 6. The unanimity with which the judges of this district have spoken on the issue of venue illustrates the lack of closeness in the question. St Cyr's appeal of a question that has been denied time and time again does not merit her release in this case.

5

### C. The jury in St Cyr's case was fair and impartial in reaching its verdict.

In addition to arguing that the Court should have granted her pretrial change-of-venue motion, St Cyr argues that the petit jurors empaneled in her case were *actually* biased. To illustrate those jurors' alleged bias, St Cyr submits quotes from voir dire questioning regarding the jurors' general opinions of the riot on January 6, 2021, including one who called January 6 participants "traitorists."[2]

What the defendant's motion omits, however, is that the Court unambiguously instructed each juror who decided the defendant's case to determine the case based only on the facts and evidence presented. *See* Trial Tr. 3/10/2023 at 106 ("During those deliberations, you may consider only the evidence properly admitted in this trial."); *id.* at 112-13 ("One of the questions you were asked when we were selecting the jury is whether the nature of the charges would affect your able to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict."). Whatever opinions jurors may have held before the case began, every jury is presumed to follow the instructions given to it. *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

What's more, those same jurors also stated for themselves that they could put their preconceptions aside and decide St Cyr's case based solely on the evidence presented at trial. *See, e.g.*, Trial Tr. 3/6/2023 at 43 ("I mean, I have opinions, but I don't think it would prevent me from being fair and impartial."); *id.* at 58 ("I would be impartial in terms of hearing a case. Every case

---

[2] St Cyr also claims that jurors in the defendant's jury pool characterized January 6 participants as "traitors" and "terrorists," Doc. 124 at 7. But St Cyr does not provide transcript citations for those quotes, and, after a diligent search of the available transcripts, undersigned counsel has been unable to locate those instances.

is individual."); *id.* at 180 ("But I'm also open minded, so I'm willing to be a fair and impartial juror essentially."). That includes the juror who used the term "traitorists," a juror who was not even selected to serve on the petit jury panel. *See* Trial Tr. 3/7/2023 at 301 ("Q: And you would set that aside and base your verdict only on evidence in court? A: Yes."). No actual prejudice affected the jury in this case and no substantial issue arises from their verdict.

### IV. Conclusion

The defendant's Motion does not raise a substantial question of law, and thus, her Motion for Release Pending Appeal must be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:  */s/ Jacqueline Schesnol*
Jacqueline Schesnol
Assistant United States Attorney
AZ Bar No. 016742
Capitol Riot Detailee
40 N. Central Ave., Suite 1800
Phoenix, AZ 85004-4449
(602) 514-7500
jacqueline.schesnol@usdoj.gov

*/s/ Eric Boylan*
ERIC W. BOYLAN
Assistant United States Attorney
Texas Bar No. 24105519
601 D Street N.W.
Washington, DC  20002
(202) 815-8608
eric.boylan@usdoj.gov