Nicole Owens
FEDERAL PUBLIC DEFENDER
FEDERAL DEFENDER SERVICES OF IDAHO
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
Telephone:   (208) 331-5500
Facsimile:   (208) 331-5525

Attorneys for Defendant
YVONNE ST CYR

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 1:22-cr-00185-JDB |
| | ) | |
| Plaintiff, | ) | **Reply Supporting Motion for** |
| | ) | **Release Pending Appeal** |
| vs. | ) | |
| | ) | |
| YVONNE ST CYR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

The government's response places undue emphasis on the ultimate outcome of

Ms. St Cyr's appeal and conflates the two steps for considering whether a request for

release pending appeal raises a substantial question of law.

## Argument

### I.  Ms. St Cyr need not win her appeal during district court motion practice.

The relevant question in the present motion is not whether the appeal will win

or lose—of course the issue may not win on appeal, particularly in the eyes of the

district court that already thoroughly considered (and subsequently denied) the

motion in the first place. ECF No. 63; *see also United States v. Bayko*, 774 F.2d 516,

522–23 (1st Cir. 1985) ("[I]f the court had concluded it was likely making the wrong decision, it would have made the right one."). Winning on appeal is incredibly rare. For example, in 2015 less than 7% of criminal appeals resulted in reversal. *See*, U.S. Courts Judiciary News, *Just the Facts: U.S. Courts of Appeal* at Table 2 (December 20, 2016) available at https://www.uscourts.gov/news/2016/12/20/just-facts-us-courts-appeals.

Instead, courts considering such motions apply the forgiving standard of 18 U.S.C. § 3143(b) and ask whether there is a "substantial question of law" and that the question, if resolved in the appellant's favor, is "likely to result in an order for a new trial." *Id.* These are two separate steps.

*First*, a "substantial question" is a "close" question or "one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). A defendant need only show that his appeal "poses issues debatable among jurists of reason." *United States v. Handy*, 761 F.2d 1279, 1282-83 (9th Cir. 1985) (quotations omitted).

*Second*, the issue must be of the type "likely to result in . . . a new trial" because "the claimed error" is not "harmless or unprejudicial." *United States v. Bayko*, 774 F.2d 516, 522–23 (1st Cir. 1985). The implication on this second step, shown by the adjacent subsections of the statute, is there could be issues that would not result in sufficient error to justify postponing incarceration.[1] The statute's language is

---

[1] The potential results justifying a release pending appeal are (i) reversal, (ii) an order for a new trial (the subsection relevant here), (iii) a sentence that does not include a term of incarceration, or (iv) a

therefore applied flexibly and has generally been taken to suggest that "if error is found, it must not be harmless or unprejudicial error." *Id.* at 522; *see also United States v. Wyman*, 667 F.Supp.2d 151, 153-154 (D. Me. 2009) (staying defendant's sentence of 12 months and 1 day pending appeal over government's objection). Several courts of appeal have "added the additional" concept that "likely to result in reversal" should be understood to mean that "it is more probable than not that a favorable decision will result in a reversal" of the conviction or a new trial. *Id.* at 522 (citing the Fifth and Eighth Circuits).

Put another way: the defendant must first show a substantial question and *separately* show that remedy for the question will likely be a new trial. Courts consider the issue independently from the remedy.

## II.   The objection to improper venue is a close question that, if successful, would result in a new trial.

Here, improper venue is one issue (among others that could be raised on appeal) that "very well could be decided the other way," *Perholtz*, 836 F.2d at 555, and that is "debatable among jurists of reason." *Handy*, 761 F.2d at 1282-83. The issue need not be "novel," as the government argues, to be debatable. ECF No. 125 at 4 n.1. And even if other defendants have lost similar motions, that does not exclude Ms. St Cyr's motion from independent consideration that it raises a debatable issue. *Id.* at 5. Other defendants in this district have been released pending appeal, and the Court can do so again in this case. *See also United States v. Kayode*, No. 00-3044,

---

reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

2000 WL 1093237 (D.C. Cir. June 2, 2000) (granting motion for release pending appeal of judgment ultimately affirmed in 254 F.3d 204 (D.C. Cir. 2001)).

Separately, improper venue is "likely to result in . . . a new trial" because "the claimed error" is not "harmless or unprejudicial." *Bayko*, 774 F.2d at 522–23. A new trial would be the likely result if Ms. St Cyr's appeal were to win because "[t]he Constitution's place-of-trial prescriptions . . . do not impede transfer of the proceeding to a different district at the defendant's request if extraordinary local prejudice will prevent a fair trial—a basic requirement of due process." *Skilling v. United States*, 561 U.S. 358, 378 (2010) (quotation omitted). And, for the reasons in Ms. St Cyr's motion, her trial in the District of Columbia was biased by "extraordinary local prejudice." *Id.*

## Conclusion

The purpose of Ms. St Cyr's motion is not to preemptively decide the merits of an appeal. The general unlikelihood of reversal is why courts of appeal do not consider *success* on appeal when considering release *pending* appeal. Instead, the question is merely whether Ms. St Cyr has raised a substantial question of law that, *if* successful, would likely result in a new trial. She has.

(signature on following page)

Dated: October 18, 2023          Respectfully submitted,

NICOLE OWENS
FEDERAL PUBLIC DEFENDER
By:


<u>/s/ Nicole Owens</u>
Nicole Owens
Federal Defender
Federal Defender Services of Idaho
Attorneys for Defendant
YVONNE ST CYR

CERTIFICATE OF SERVICE

I CERTIFY that I am an employee of the Federal Defender Services of Idaho,

and that a copy of the foregoing document, REPLY SUPPORTING MOTION FOR

RELEASE PENDING APPEAL, was served on all parties named below on this 18th

day of October 2023.


Jacqueline Schesnol, Assistant United States Attorney
Capitol Riot Detailee                                        ____United States Mail
Two Renaissance Square                                       ____Hand Delivery
40 N. Central Ave., Suite 1800                               ____Facsimile Transmission
Phoenix, AZ 85004-4449                                       _X_CM/ECF Filing
(602) 514-7500                                               ___ Email Transmission
jacqueline.schesnol@usdoj.gov

Eric Boylan, Assistant United States Attorney
601 D Street NW                                              ____United States Mail
Washington, DC 20001                                         ____Hand Delivery
(202) 252-7215                                               ___Facsimile Transmission
eric.boylan@usdoj.gov                                        _X_CM/ECF Filing
                                                            ___ Email Transmission



Dated: October 18, 2023            /s/ Joy Fish
                                   Joy Fish


Motion for Release Pending Appeal        -6-