UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**YVONNE ST CYR,**<br><br>**Defendant.** | Criminal Action No. 22-185 (JDB) |

## MEMORANDUM OPINION & ORDER

Before the Court is defendant Yvonne St Cyr's motion for release pending appeal. For the reasons explained below, the Court will deny the motion.

## Background

St Cyr was convicted by a jury on six counts related to her participation in the breach of the United States Capitol on January 6, 2021: civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2 (Counts One and Two); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Three); disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Four); disorderly conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Five); and parading, demonstrating, or picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Six). See Judgment [ECF No. 119] at 1–2. Prior to trial, St Cyr filed a motion for a change of venue, arguing that she would not receive a fair trial in the District of Columbia. Mot. for Transfer of Venue [ECF No. 50] ("Venue Mot."). The Court denied her motion. Mem. Op. & Order [ECF No. 63] ("Venue Order") at 6, 10.

On September 13, 2023, the Court sentenced St Cyr to 30 months' imprisonment and three years of supervised release. Judgment at 3–4. The Court permitted St Cyr to remain released on

1

bond and to voluntarily surrender to the Bureau of Prisons at a date to be determined by the United States Probation Office. See id. at 3. St Cyr's reporting date is now October 24, 2023. Mot. for Extension of Time to Self-Surrender [ECF No. 126] ("Extension Mot.") at 1.

St Cyr filed a notice of appeal on September 25, 2023. Two days later, she filed a motion asking the Court to release her during the pendency of her appeal and stay her sentence of imprisonment. Mot. for Release Pending Appeal [ECF No. 124] ("Mot."). On October 9, 2023, the government filed a response in opposition. U.S.'s Opp'n to Mot. [ECF No. 125] ("Gov't Opp'n"). The motion is now ripe for decision.

## **Analysis**

A court "shall order" that a defendant

> who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i)   reversal,
> > >
> > > (ii)  an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or
> > >
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "If the judicial officer makes such findings, such judicial officer shall order the release of the person . . . ." Id. Where, as here, a defendant is not a flight risk or a danger

2

to the community,[1] courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question?  (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal [or one of the other outcomes enumerated in § 3143(b)(1)(B)(ii)–(iv)]?"  United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1987).  "[A] substantial question is a close question or one that very well could be decided the other way." Id. (internal quotation marks omitted).  "[A] presumption of valid conviction" governs this inquiry.  Id. at 556.  "[T]he defendant bears the burden of rebutting this presumption and 'demonstrat[ing] that he has a substantial question to present [upon appeal] before he may be [released pending appeal].'"  United States v. Libby, 498 F. Supp. 2d 1, 3 (D.D.C. 2007) (quoting United States v. Shoffner, 791 F.2d 586, 589 (7th Cir. 1986)).

St Cyr argues that her appeal "presents a substantial question of law likely to result in [an] order [for] a new trial" because her jury pool was both presumptively and actually biased, and accordingly this Court erred in denying her change-of-venue motion.  Mot. at 5; see id. at 5–8.  But St Cyr's motion, devoid of supporting caselaw, falls well short of demonstrating the "close question" that might warrant her release pending appeal.

I. **Presumption of Prejudice**

St Cyr first contends that this Court erred in denying her change-of-venue motion because her jury pool was presumptively biased.  Mot. at 6.  A presumption of jury prejudice arises only in an "extreme case," Skilling v. United States, 561 U.S. 358, 381 (2010), "when the population in the original district is 'so aroused against the defendant and so unlikely to be able objectively to judge the defendant's guilt or innocence on the basis of the evidence presented at trial that his due

---

[1] The Court previously concluded that St. Cyr was not a danger or a flight risk when it authorized her release pending trial and incarceration.  The government does not argue otherwise in its opposition. See Mot. at 5; Gov't Opp'n (omitting any discussion of this prong).

process rights will be violated' if the case is not transferred," United States v. Sheppard, Crim. A. No. 21-203 (JDB), 2022 WL 17978837, at *6 (D.D.C. Dec. 28, 2022) (quoting United States v. Haldeman, 559 F.2d 31, 60–62 (D.C. Cir. 1976) (en banc) (per curiam)) (cleaned up).  In determining whether a presumption of prejudice arises, courts consider "(1) the size and characteristics of the jury pool; (2) the type of information included in the media coverage; and (3) the time period between the arrest and trial, as it relates to the attenuation of the media coverage." Id. (internal quotation marks omitted).

Courts in this District, including this Court, have considered these factors as they relate to the January 6 cases and have unanimously held that these are not "extreme case[s]" warranting mandatory transfer.  See, e.g., Sheppard, 2022 WL 17978837, at *6–7; United States v. Brock, 628 F. Supp. 3d 85, 94–98 (D.D.C. 2022);  United States v. Nassif, 628 F. Supp. 3d 169, 187–88 (D.D.C. 2022); United States v. Rhodes, 610 F. Supp. 3d 29, 57–59 (D.D.C. 2022); United States v. Bochene, 579 F. Supp. 3d 177, 181–82 (D.D.C. 2022); United States v. Garcia, Crim. A. No. 21-129 (ABJ), 2022 WL 2904352, at *6–10 (D.D.C. July 22, 2022).  These decisions were not close calls; courts have found that none of the factors supported a presumption of prejudice.  See, e.g., Rhodes, 610 F. Supp. 3d at 57–59.  Courts have declined to find a presumption of prejudice for reasons applicable here, including that Washington D.C.'s population of over 600,000 residents reduces the likelihood of prejudice, e.g., Brock, 628 F. Supp. 3d at 95 (citing Skilling, 561 U.S. at 382); no pre-trial publicity was directed at a specific January 6 defendant, id. at 97 (citing Skilling, 561 U.S. at 384 n.17); and the two years between arrest and trial helped diminish "community passions," id. at 98 (quoting In re Tsarnaev, 780 F.3d 14, 22 (1st Cir. 2015)).

Despite alleging that all three factors "lead to a presumptively biased jury pool," Mot. at 6, St Cyr fails to cite any case in this Circuit in support of her argument.  Instead, she provides a lone

4

citation to the First Circuit's decision in United States v. Quiles-Olivo, 684 F.3d 177 (1st Cir. 2012), which merely confirms that a presumption of prejudice arises "almost exclusively" when "pervasive pretrial publicity has inflamed passions in the host community past the breaking point." Id. at 182 (internal quotation marks omitted).

St Cyr has not attempted to argue—and has not convinced this Court—that her case is sufficiently distinguishable to warrant a deviation from the line of other January 6 cases. In her venue-transfer motion, she admitted that her motion is "substantially similar to" and "largely based on" other venue-transfer motions the Court denied. See Venue Mot. at 2 n.2. And in denying St Cyr's motion, this Court found that she presented "virtually identical" arguments "to those the Court rejected in Sheppard." Venue Order at 6. St Cyr's current motion merely recites the same general arguments applicable to all January 6 defendants, see Mot. at 6—arguments that courts in this District have already roundly rejected, See Sheppard, 2022 WL 17978837, at *6–7; Nassif, 628 F. Supp. 3d 169, 187–88; Brock, 628 F. Supp. 3d at 94–98. Accordingly, St Cyr has not presented a "substantial question" of law as to the presumption of prejudice.

## II. Actual Prejudice

St Cyr next challenges the Court's denial of venue-transfer on the ground that her jury pool was actually prejudiced. Mot. at 7. In support of this argument, St Cyr relies on statements made by one potential juror who, during voir dire, characterized the individuals involved in the January 6 events as "[m]isguided, to say the least," and "traitorist" at "the worst." Trial Tr. Vol. II [ECF No. 99] at 301:22–302:10.[2] But St Cyr ignores important context, including that the above-mentioned potential juror, who was not selected as a member of the jury, also indicated he "could

---

[2] St Cyr further claims that jurors in her jury pool characterized January 6 participants as "traitors" and "terrorists," Mot. at 7, but St Cyr has not provided transcript citations for those quotes, and this Court has been unable to identify one.

be fair and open minded," id. at 302:11–303:18, and that other potential jurors from the same jury pool stated that they could be impartial, see, e.g., Trial Tr. Vol I [ECF No. 98] at 43:19–23. Moreover, this Court instructed St Cyr's jury to determine the case based only on "the evidence properly admitted in this trial," and reiterated that the jurors "must not allow the nature of a charge to affect [their] verdict."  Trial Tr. Vol. V [ECF No. 102] at 1029:1–5; 1036:1–4.

The Court is confident in the sufficiency of both the voir dire process and its jury instructions.  Jurors "need not enter the box with empty heads in order to determine the facts impartially." Skilling, 561 U.S. at 398.  And as jury selection is "particularly within the province of the trial judge," id. at 386 (internal quotation marks omitted), St Cyr has not raised a "close question" as to whether actual prejudice mandated venue transfer.[3]

\*   \*   \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [124] St Cyr's motion for release pending appeal is **DENIED**; and it is further

**ORDERED** that [126] St Cyr's motion for extension of time to self-surrender is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  October 20, 2023

---

[3] On October 16, 2023, St Cyr filed a motion for extension of time to self-surrender, which is currently pending before the Court.  Extension Mot.  The motion is premised solely on providing the Court with enough time to rule on the instant motion.  Because the Court has ruled prior to her reporting date, it will also deny the extension motion as moot.