Nicole Owens
Federal Public Defender
Samuel Macomber
Assistant Federal Defender
Federal Defender Services of Idaho
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
(208) 331-5500

Attorneys for Yvonne St Cyr

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Honorable John D. Bates

| United States of America | No. 1:22-cr-00185-JDB |
|---|---|
| Plaintiff | **Motion for Return of Monetary Penalties** |
| v. | |
| Yvonne St Cyr | |
| Defendant | |

## Introduction

Ms. Yvonne St Cyr respectfully requests return of monetary penalties for assessment and restitution. Ms. St Cyr paid an assessment of $270 and restitution of $2,000. Dkt. 119 at 7 (ordering payment); Ex. A (receipt for payments). She paid the monetary penalties under the now vacated judgment of this Court. Dkt. 133 (dismissing case as moot); USCA Case No. 23-3174 Order of January 27, 2025 (vacating judgment). And because her conviction was vacated while her appeal was pending, the government must refund her monetary penalties, both the assessment and restitution. *See Nelson v. Colorado*, 581 U.S. 128, 130 (2017).

Counsel for Ms. St Cyr contacted the government about their stance on this motion, and the government responded that their position is "unstated."

## Background

Ms. St Cyr was charged and convicted of offenses related to protests at the Capitol on January 6, 2021. Dkt. 37 at 7. As part of her sentence, the Court ordered Ms. St Cyr to pay monetary penalties including a special assessment of $270 and restitution of $2,000. *Id.* The judgement directed Ms. St Cyr to pay the assessment and restitution to the "Clerk of the Court for the United States, District Court for the District of Columbia." *Id.* at 6, 8. She appealed. Dkt. 121; USCA Case No. 23-3174.

Ms. St Cyr completed the monetary payments for the assessment and restitution.[1] Ex. A. But while her appeal was pending, the President of the United States issued a pardon for her and similarly charged defendants. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025).[2] In response, the government moved to dismiss the case, and the United States Court of Appeals for the D.C. Circuit vacated the judgement with instructions to dismiss the case as moot. *See* USCA Case No. 23-3174 Motion filed January 21, 2025; Order of January 27, 2025. This Court did so, dismissing the case as moot on January 27, 2025. Dkt. 133.

After this case was vacated, similarly situated defendants in January 6 cases—individuals whose cases were dismissed while pending on appeal—moved for return of their monetary penalties, and the government agreed with that request. *See United States v. Stacy Wade Hager*, 21-cr-381-TSC, Dkt. 83 at 2 ("The government agrees that [defendant] is entitled to the return of [assessment and restitution] funds."); *United States v. Hector Vargas Santos*, 1:21-cr-00047-RDM, Dkt. 107 at 2 (same).

---

[1] Ms. St Cyr did not complete payments for the fine of $1,000 and is thus not requesting return of the fine amount.

[2] Available at https://www.govinfo.gov/content/pkg/FR-2025-01-29/pdf/2025-01950.pdf (The President exempted a handful of participants, but Ms. St Cyr was not among them).

– 3 –

**Argument**

The Court has jurisdiction over this issue, Ms. St Cyr's request is supported by case law, and the government has supported identical requests for similarly situated defendants. Accordingly, the Court should grant Ms. St Cyr's motion.

I. **The Court has jurisdiction over this post-dismissal motion.**

After a case is dismissed, courts retain ancillary jurisdiction in special situations to ensure that a particular case is handled in its entirety by one court and to further the principles of judicial economy. *Morrow v. District of Columbia*, 417 F.2d. 728, 740 (D.C. Cir. 1969). In particular, ancillary jurisdiction is appropriate where: "(1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main proceeding, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter can be settled to protect the integrity of the main proceeding or to ensure that the disposition in the main proceeding will not be frustrated." *Id.* For example, in *Doe v. Webster*, 606 F.2d 1226, 334 (D.C. Cir. 1979) the appellant's conviction was set aside and the trial court recognized its inherent equitable authority to expunge criminal records in appropriate cases, illustrating authority to

address collateral matters, like expungement, following a vacated conviction. *Id.*

Here, the Court has jurisdiction because the requested refund consists of fees and restitution assessed solely due to the vacated convictions. Applying the factors for ancillary jurisdiction, these costs are from the same transaction as the main proceeding, return can be determined without substantial new fact-finding, deciding the matter would not deprive a party of a substantial right, and resolving the application of costs would protect the integrity of the main proceeding. *Morrow*, 417 F.2d at 740.

## II. Ms. St Cyr's monetary penalties must be refunded after her conviction was vacated, as the government has noted in similar cases.

Generally, a pardon "affords no relief for what has been suffered by the offender in his person by imprisonment, forced labor, or otherwise; it does not give compensation for what has been done or suffered, nor does it impose upon the government any obligation to give it." *Knote v. United States*, 95 U.S. 149, 153–54 (1877). But here *Knote* is inapplicable because Ms. St Cyr was not simply pardoned; instead, the government moved to vacate her conviction while her appeal was pending and the D.C. Circuit granted that request, then this Court subsequently dismissed the case as moot.

In this situation, restitution and other monetary penalties must be refunded when a conviction is vacated. *See Nelson v. Colorado*, 581 U.S. 128,

130 (2017). The *Nelson* Court held, "When a criminal conviction is invalidated by a reviewing court and no retrial will occur . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." *Id.* That's because, "once [a] conviction[] [is] erased, the presumption of their innocence [is] restored." *Id.* at 135. At that point, the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 136. For the same reason, the government may not require the defendant to prove his innocence before issuing the refund. Because such defendants "are entitled to be presumed innocent," they "should not be saddled with any proof burden" to get their money back. *Id.* at 137. Accordingly, so long as a reviewing court invalidated the conviction and no retrial will occur, a defendant is entitled to a refund without any further showing. *Id.* at 130.

Both criteria are met here.

***First***, "the reviewing court," *id.* at 130—the D.C. Circuit—vacated Ms. St Cyr's conviction and remanded with instructions to dismiss the case as moot. *See* USCA Case No. 23-3174 Order of January 27, 2025. That order "invalidated" Ms. St Cyr's "criminal conviction." *Nelson*, 581 U.S. at 130. That's because "[f]inal judgment [was] never . . . reached on" her conviction, as "the appeals process was terminated prematurely." *United States v. Schaffer*, 240

F.3d 35, 38 (D.C. Cir. 2001). Accordingly, the conviction is no longer "established as a matter of law." *Id.*

That the vacatur resulted from mootness—and not some procedural or substantive defect in the trial—makes no difference. When, for example, a defendant's death moots their appeal, *Nelson* still requires the government to reimburse the decedent's estate. *See United States v. Reynolds*, 98 F.4th 62, 72, 67 n.2 (1st Cir. 2024) (observing that "[e]very circuit court to consider this question post-*Nelson* has reached this conclusion"); *United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine."); *United States v. Ajrawat*, 738 F. App'x 136, 139 (4th Cir. 2018) ("When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction."). True, death does not imply innocence. But under *Nelson*, one need not prove one's innocence in order to receive reimbursement. 581 U.S. at 137. To the contrary, the government must have a valid conviction in hand to justify retaining the defendant's money. *Id.* at 135–36. So too with Ms. St Cyr's pardon while her appeal was pending. It does not matter whether the pardon proved Ms. St Cyr's innocence. All that matters is that, due to mootness, "[f]inality was never reached on the legal question of [her] guilt." *Schaffer*, 240 F.3d at 38.

– 7 –

***Second***, no retrial will occur. The government announced its intention to dismiss Ms. St Cyr's case with prejudice, making clear that it did not mean to retry Ms. St Cyr. *See* USCA Case No. 23-3174 Motion filed January 21, 2025. And this Court would not have jurisdiction to entertain a future prosecution anyway, as D.C. Circuit has already ruled that Ms. St Cyr's pardon renders the case moot. *See* USCA Case No. 23-3174 Order of January 27, 2025

The government has agreed with identical requests for restitution for similarly situated defendants whose convictions were vacated while pending appeal. *See United States v. Stacy Wade Hager*, 21-cr-381-TSC, Dkt. 83 at 2 ("The government agrees that [defendant] is entitled to the return of [assessment and restitution] funds."); *United States v. Hector Vargas Santos*, 1:21-cr-00047-RDM, Dkt. 107 at 2 (same). Here, like in those cases, Ms. St Cyr's conviction was "invalidated" after being vacated, thus "there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction." *Ajrawat*, 738 F. App'x at 139.

## Conclusion

Ms. St Cyr respectfully requests return of her monetary payments—assessment and restitution—in this case, for a total amount of $2,270.

Dated: May 22, 2025

Nicole Owens
Federal Public Defender
By:

/s/ Samuel Macomber
Samuel Macomber
Assistant Federal Defender
Federal Defender Services of Idaho
Attorneys for Yvonne St Cyr

## Certificate of Service

I certify that I am an employee of the Federal Defender Services of Idaho, and that a copy of this document, including any attachments, was electronically served via CM/ECF on the party below.

Jacqueline Schesnol, Assistant U.S. Attorney

Dated: May 22, 2025  /s/ Lisa Shaw
Lisa Shaw