Nicole Owens
Federal Public Defender
Samuel Macomber
Assistant Federal Defender
Federal Defender Services of Idaho
702 West Idaho Street, Suite 1000
Boise, Idaho 83702
(208) 331-5500

Attorneys for Yvonne St Cyr

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Honorable John D. Bates

| | |
|---|---|
| United States of America  Plaintiff  v.  Yvonne St Cyr  Defendant | No. 1:22-cr-00185-JDB  **Supplemental Brief re Motion for Return of Monetary Penalties, Dkt. 134** |

## Introduction

The Appropriations Clause does not prohibit the return of monetary penalties to Ms. Yvonne St Cyr after her pardon because her case was pending on appeal and her judgment was vacated.

The primary precedent supporting this argument is *Nelson v. Colorado*, 581 U.S. 128 (2017), which provides a more appropriate framework for cases on appeal where judgments are vacated, as opposed to the precedent for pardons set by *Knote v. United States*, 95 U.S. 149 (1877).

## Background

Ms. St Cyr filed a motion requesting return of monetary penalties after her conviction was vacated and dismissed with prejudice. Dkt. 134. In response to that motion, this Court requested supplemental briefing "on the issue of whether, assuming St Cyr has a right to a refund, the Appropriations Clause prohibits this Court from ordering the funds returned to her." Dkt. Order July 21, 2025. The government then filed a response to Ms. St Cyr's motion, agreeing that Ms. St Cyr "is entitled to the return of those funds." Dkt. 136 at 2.

## Argument

**I.   *Nelson v. Colorado* controls.**

In *Nelson v. Colorado*, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur . . . the

State [is] obliged to refund fees, court costs, and restitution." 581 U.S. at 130. This principle should apply when a defendant's case is on appeal and his or her judgment is vacated in response to a pardon. The government agrees. Dkt. 136 at 3–4.

*Nelson* applies to a vacation judgment because the vacatur of a conviction restores the presumption of innocence, and the government has no right to retain funds exacted from a defendant who is presumed innocent. *See, e.g.*, *Johnson v. Mississippi*, 486 U. S. 578, 585 (1988) (After a "conviction has been reversed, unless and until [the defendant] should be retried, he must be presumed innocent of that charge"); *Coffin v. United States*, 156 U. S. 432, 453 (1895) ("[The] presumption of innocence in factor of the accused is the undoubtable law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.").

Other courts in this district have relied on *Knote v. United States* to find that a pardon does not entitle a defendant to a refund of fines and restitution already paid into the Treasury. *See United States v. Hager*, 25-3076, No. 21-cr-381 (D.D.C. July 3, 2025), Dkt. 85 at 1–3; *United States v. Ballenger*, 25-3080, No. 21-719 (D.D.C. Jun. 30, 2025), Dkt. 176 at 1–2; *United States v. Santos*, 25-3074, No. 21-47 (D.D.C. June 27, 2025), Dkt. 111 at 1–9; *United States v. Sullivan*, No. 1:21-CR-78-RCL, 2025 WL 1444392, at *1–7 (D.D.C. May 20, 2025). But *Knote* is distinguishable because it did not involve a judicial vacatur

– 3 –

of a conviction or judgment; instead, it addressed property confiscated during the Civil War and whether a pardon reinstated property rights after sale. *See* 95 U.S. 149, 150. The modern understanding of due process, as elaborated in *Nelson*, mandates that the procedure for the return of such fines, restitution, and assessments be reasonable and effective—the vacatur (not the pardon) entitles return of Ms. St Cyr's monetary penalties. *See* 581 U.S. at 130

## II. The Appropriations Clause does not limit the return of Ms. St Cyr's monetary penalties.

The Appropriations Clause of the Constitution prohibits drawing money from the Treasury except "in Consequence of Appropriations made by Law." U.S. Const. art. I, § 9, cl. 7. *See also Knote*, 95 U.S. at 152; *In re North*, 62 F.3d 1434, 1435 (D.C. Cir. 1994) ("[The Appropriations Clause] is a restriction on the power of the President to grant pardons.") But this clause does not preclude the return of funds when a conviction is vacated because statutory mechanisms allow for a return of funds, such as 31 U.S.C. § 1322(b)(2) which authorizes refunds of "amounts erroneously received." This statute functions as an indefinite appropriation, meaning no new act of Congress is required. Further, 31 U.S.C. § 1304 provides a financial backstop for return of funds because "[n]ecessary amounts are appropriated to pay final judgments."

Circuit courts have consistently recognized that when a conviction is vacated, the accompanying monetary penalties—including fines, restitution,

and assessments—must also be undone. For instance, in *United States v. Ajrawat*, the Fourth Circuit held that *Nelson* made clear "the question is *whether* the conviction was vacated, rather than *why* the conviction was vacated." 738 F. App'x 136, 139 (4th Cir. 2018). As the *Nelson* Court said, "reversal is reversal, regardless of the reason, and an invalid conviction is no conviction at all." 581 U.S. at 136 n.10. Similarly, the Second Circuit in *United States v. Brooks* explained that "the reasoning of *Nelson* compels abating monetary penalties where a defendant dies during his direct appeal, as there is no longer a valid conviction to support the government's retention of the penalty." 872 F.3d 78, 89 (2d Cir. 2017). Thus, the decisions from this district in *Hager*, *Ballenger*, *Santos*, and *Sullivan* are inconsistent with *Nelson v. Colorado*.

In short, when a defendant's case is on appeal and their judgment is vacated in response to a pardon, the government has no legal right to retain funds exacted from the defendant. The vacatur of a conviction restores the presumption of innocence, and due process requires the return of fines, restitution, and assessments. The Appropriations Clause does not bar such refunds, as statutory mechanisms exist to facilitate the return of erroneously collected funds. Therefore, this Court should reconsider the decisions from other courts in this district and instead align with the constitutional and legal principles articulated in *Nelson*.

## Conclusion

Ms. St Cyr's request for return of monetary penalties, Dkt. 134, is not limited by the Appropriations Clause.


Dated: August 6, 2025

Nicole Owens
Federal Public Defender
By:


/s/ Samuel Macomber
Samuel Macomber
Assistant Federal Defender
Federal Defender Services of Idaho
Attorneys for Yvonne St Cyr

**Certificate of Service**

I certify that I am an employee of the Federal Defender Services of Idaho, and that a copy of this document, including any attachments, was electronically served via CM/ECF on the party below.

    Jacqueline Schesnol, Assistant U.S. Attorney
    Kacie Weston, Assistant U.S. Attorney


Dated: August 6, 2025        /s/ Joy Fish
                                         Joy Fish